Arnold Lee HARRIS, Appellant,

v.

STATE of Indiana, Appellee.

No. 281S33.

Supreme Court of Indiana.

Sept. 4, 1981.

Charles E. Weiner, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-appellant Arnold Lee Harris was charged with attempted murder in Lake Superior Court, Division II, on March 14, 1980. He was jointly tried and charged with another individual, one Joseph Ray Harris, and both were convicted of attempted murder by the verdict of a jury on August 12, 1980. He was sentenced to a term of twenty years by the court.

The only question defendant raises for our review is that of sufficiency. He moved for a directed verdict and judgment

on the evidence at the close of the State's case and this motion was denied. He claims that, based on all of the evidence, the jury's verdict is contrary to law and not sustained by the evidence.

On November 19, 1979, one Steven Barath, of 243 Calhoun Street, Gary, Lake County, Indiana, was the victim of a shooting which occurred in the alley at or near the 243 Calhoun Street address. Barath came to his residence driving a truck shortly after 1:30 p. m., in the company of his fiancee, one Patricia Bender, and observed defendant Arnold Harris near his home at Third and Calhoun Streets, and Joseph Harris, approximately two doors south of the 243 Calhoun Street address. Joseph Harris moved toward the property line of 243 Calhoun Street to a point approximately 40 or 50 feet from Barath. Barath got out of his truck and started into the house when he heard Joseph Harris call out to him to come over to where Harris was standing but Barath ignored the command. Some ten to twenty minutes later Barath came back out of the house and got into his truck. He again noticed Joseph Harris, approximately two doors down from 243 Calhoun, and Arnold Harris, the defendant, running down the street toward Joseph Harris. Barath had some dirt to unload at a point down the alley from his residence and proceeded with his truck down the alley beside his home to a point approximately two blocks distant. As he approached a gate in the alley through which he needed to maneuver to reach a point where he was to dump some dirt, he observed appellant Arnold Harris, and Joseph Harris approaching his truck. As he began cutting the wheels of the truck to make the turn, he saw Joseph Harris pull a pistol and fire a shot which went through the wooden sides of his truck. A second shot went through Barath's temples. He did not see who fired that shot. The injuries from this shot caused him to be totally blind. Patricia Bender, who at the time of the trial was married to Barath, testified she saw Joseph Harris with a gun in his hand, that she heard the first shot being fired, and saw Joseph Harris fire the second shot that struck Barath in the temples. There was evidence that previous problems had caused conflict between Joseph Harris and Barath. Earlier, in November, 1979, Joseph Harris had asked Barath to allow him, Joseph Harris, to park a 1969 El Camino automobile in a garage located on the premises of 243 Calhoun Street. Apparently Barath denied the request but the car was parked in the garage anyway. It was later discovered that the vehicle was stolen and Barath ordered Joseph Harris to remove the vehicle from his garage. When Joseph Harris did not remove the car, Barath called the police and had the vehicle towed from his garage. On November 17, 1979, Joseph Harris had accosted Barath in the vicinity of Fourth Avenue and Calhoun Street, also while in the company of defendant Arnold Lee Harris.

The sole question determinative of the issue before us is the quality of appellant Arnold Harris' participation in the above incidents. It is his argument that the evidence shows no more than his presence in the vicinity during the commission of these crimes by co-defendant Joseph Harris and that, therefore, the court should have granted defendant's motion for a directed verdict at the close of the State's evidence or, in the alternative, there was insufficient evidence at the close of all the evidence to sustain the conviction. The defendant offered no evidence but rested at the close of the State's case.

■ It is well established that the State need only present a prima facie case in order to avoid a directed verdict. *Estep v. State* (1979), Ind., 394 N.E.2d 111; *Dunville v. State* (1979), Ind., 393 N.E.2d 143. We have consistently held that it is not our province to weigh the evidence or determine the credibility of witnesses. We review the evidence to determine if any reasonable inference may be drawn to support the verdict of the jury. *Jenkins v. State* (1978), 267 Ind. 543, 372 N.E.2d 166; *Henderson v. State* (1976), 264 Ind. 334, 343 N.E.2d 776.

One who aids or abets another or induces or causes another to commit a criminal offense can be charged with that offense and tried and convicted as a principal. Ind.Code § 35–41–2–4 (Burns Repl. 1979); *Conard v. State* (1977), Ind.App., 369 N.E.2d 1090. The accomplice can be criminally held for everything done by his confederates which was a probable and natural consequence of their common plan. *Proctor v. State* (1979), Ind., 397 N.E.2d 980. It is not necessary that the evidence show that the accomplice personally participated in the commission of each element. *Metcalf v. State* (1978), 268 Ind. 579, 376 N.E.2d 1157; *Bigbee v. State* (1977), 173 Ind.App. 462, 364 N.E.2d 149.

Although it is true that mere presence is not enough to show a person's participation in a crime, such presence may be considered with all other evidence to determine guilt. A trier of fact may infer participation from a defendant's failure to oppose the crime, companionship with one engaged therein, and a course of conduct before, during, and after the offense which tends to show complicity. While the State must sustain its burden of proof on each element of an offense charged, such elements may be established by circumstantial evidence and the logical inferences drawn therefrom. *Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841.

We have repeatedly exhibited concern over the probative value which may be attached to a defendant's "failure to oppose a crime." *Pace v. State* (1967), 248 Ind. 146, 224 N.E.2d 312; *Mattingly v. State* (1952), 230 Ind. 431, 104 N.E.2d 721. We have held that, like "mere presence at the scene of the crime" negative acquiescence is insufficient by itself to sustain a conviction for aiding and abetting a crime. *Pace, supra; Mattingly, supra.* We have emphasized that cases involving negative acquiescence and "mere presence" must each be considered on the basis of the particular facts involved. *Id.*

The evidence shows that appellant was with co-defendant Joseph Harris near the premises of the victim on the day of the shooting. The victim observed both appellant and Joseph Harris running toward him when Joseph Harris pulled the gun and fired shots. Patricia Barath testified that after the shooting both Joseph Harris and appellant Arnold Harris ran down the alley laughing, as she said, "thinking that everything is a joke." Police Officer Daniel Mattox testified that both appellant and co-defendant Joseph Harris came to the Gary Police Department while Mattox was on duty. Joseph Harris was the spokesman for the two men and said that they "shot a dude" and also that they "shot the white guy on Second and Calhoun." When defendant failed to speak against Joseph Harris' statements, his silence amounted to an adoptive admission. *Robinson v. State* (1977) 266 Ind. 604, 365 N.E.2d 1218; *Jethroe v. State* (1974) 262 Ind. 505, 319 N.E.2d 133. Finally, co-defendant Joseph Harris testified that it was actually Arnold Harris who shot the victim the second time. Although it appears this last testimony was contradictory and conflicting, it nevertheless was evidence for the jury to consider. It appears that there was sufficient evidence that showed more than just the mere presence of the defendant at the scene of the crime. The above facts, when taken in their totality, indicate that the jury had before it sufficient facts to support its conclusion that Arnold Harris acted in concert with Joseph Harris.

The judgment of the trial court is in all things affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.