Calvin Eugene HEDGES, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 1281S378.

Supreme Court of Indiana.

Dec. 27, 1982.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Robbery, a Class A felony, and Battery, a Class C felony. He was sentenced to a fifty (50) and an eight (8) year term respectively.

The record reveals the victim, Kaufman, was a long distance truck driver from Ontario, Canada. On the morning of February 4, 1981, he registered into a Fort Wayne Hotel. Kaufman went to the Scorpion Lounge. After consuming several beers, Kaufman left and had dinner at a nearby restaurant. He returned to the Scorpion where he met appellant and his accomplice, Steve Sheron. Appellant offered to drive Kaufman to an "after hours club." Kaufman accepted the invitation. The three drove into the country. Claiming the car couldn't climb an icy hill, they exited the car to walk to the club. Appellant hit Kaufman in the face with a heavily studded leather bracelet while Sheron hit him from the rear with an unidentified heavy object. Kaufman felt someone remove his wallet containing approximately $250 in American and Canadian currency. Kaufman's motel keys were also taken from his person. He sustained severe facial injuries from the beating.

Appellant claims the trial court erred in denying his motion for mistrial or alternatively admonishing the jury to disregard an improper question referring to "mugshots" propounded by the State.

To be reversible error the alleged prosecutorial misconduct must have been so inflammatory and prejudicial in its effect as to place the defendant in a position of grave peril. *Riley v. State,* (1981) Ind., 427 N.E.2d 1074. Usually a prompt admonition that the testimony is to be disregarded is sufficient to protect the rights of the defendant. *Downs v. State,* (1977) 267 Ind. 342, 369 N.E.2d 1079, *cert. denied,* 439 U.S. 849, 99 S.Ct. 151, 58 L.Ed.2d 151. The ruling on a motion for mistrial is within the sound discretion of the trial court. Absent an abuse of that discretion we will not disturb the court's ruling. *Morris v. State,* (1980) Ind., 398 N.E.2d 1284.

In the case at bar, the prosecutor asked Kaufman on redirect examination, "Are these what [defense counsel] referred to as the mugshots that were shown to you in the hospital?" Defense counsel first objected on the grounds that he had not made reference to the photographs as mugshots. Arguing the term "mugshots" was prejudicial as an improper comment on appellant's criminal history, he moved for mistrial or alternatively an admonition to the jury. The cross-examination of Kaufman by defense counsel reads in part:

"Q. ... Do you recall how many photographs the police showed you?

"A. Several.

"Q. Several? Did they bring up a book or did they bring up ....

"A. No. There was a whole handful. The officer had a handful of pictures, eight or ten."

The trial court denied appellant's motion for mistrial. The court agreed to admonish the jury but did not do so. Defense counsel failed to call the omission to the trial court's attention.

Although reference to mugshots has been held to place the defendant in such grave peril as to require a new trial, *Fox v. State,* (1980) Ind.App., 399 N.E.2d 827, the determination is made considering all the circumstances and the probable persuasive effect on the jury's decision. In a factually similar case, the Court of Appeals held in *Bayer*

*v. State,* (1973) 158 Ind.App. 531, 303 N.E.2d 678 no error had occurred although a police officer testified he had taken a "mugbook" containing appellant's photograph to the victim for identification purposes. Having concluded there was no intent on the part of the prosecutor to prejudice the defendant, the Court stated at 158 Ind.App. 542–3, 303 N.E.2d at 684:

> "Perhaps as important to our decision as the absence of a deliberate attempt to prejudice is the fact that the 'door way' was first opened by the defense. The defense on cross examination established that the police officers carried Bayer's picture in a group with several others and showed them to victims of armed robberies. When this file was eventually and inadvertently referred to as a 'mug file', it was not a startling revelation of a new and material fact.
>
> "Lack of intent to prejudice, other strong evidence of guilt, and the fact that the subject of photographs originated with Bayer, all combine to minimize prejudice to Bayer."

In the case at bar, the prosecutor stated his belief that defense counsel had referred to the photographic display as consisting of mugshots. Defense counsel had "opened the door" as in *Bayer, supra.* Other evidence of guilt was strong and convincing. Kaufman positively and unequivocally identified appellant and his accomplice in a photographic array and in court. We conclude the reference had minimal, if any, persuasive effect on the jury's decision. Although the prosecutor's question was improper, any error that may have occurred was harmless. We further note appellant failed to pursue his remedy by calling to the attention of the trial court that the jury had not been admonished in accordance with the ruling.

Appellant claims the trial court erred in admitting State's Exhibits 7 and 8. The exhibits were photographs depicting Kaufman's injuries and the scene of the crime. He argues the exhibits were prejudicial. He additionally alleges the photographs were cumulative because witnesses had testified regarding the severity of Kaufman's injuries and had described the crime scene.

Photographs which are demonstrative of a witness' testimony are generally admissible. That the photographs present gory, revolting or inflammatory details of the offense does not render them inadmissible. *Drollinger v. State,* (1980) Ind., 408 N.E.2d 1228; *Wilson v. State,* (1978) 268 Ind. 112, 374 N.E.2d 45. If a witness would be permitted to describe the subject of the photograph, it is relevant. *Drollinger, supra; Chambers v. State,* (1979) Ind., 392 N.E.2d 1156. Moreover, in *Webster v. State,* (1981) Ind., 426 N.E.2d 1295, this Court held photographs of the decedent were relevant although the cause of death had been proven through the testimony of the State's witnesses. The reception of cumulative evidence is within the discretion of the trial court. *Webster, supra; Pierce v. State,* (1970) 253 Ind. 650, 256 N.E.2d 557.

State's Exhibit 8 was relevant and material for the finding of serious bodily injury required for Robbery as a Class A felony. State's Exhibit 7 was relevant to orient the jury to the surroundings of the crime scene. The trial court did not abuse its discretion.

Appellant claims the trial court erred in allowing the victim's wife to testify. He argues the State failed to list Mrs. Kaufman on the information or give notice of her appearance. The record does not contain an objection based on this ground. Although a discussion ensued at the bench after the State called Mrs. Kaufman, no recording of this exchange was made. It is the appellant's duty to present a complete record to the court. *Brown v. State,* (1981) Ind., 417 N.E.2d 333. Assertions of error, undisclosed by the record, are unavailable for review. *Brown, supra.*

Appellant claims the trial court erred in allowing the State to ask an omitted question of the victim. He argues it was improper to allow the prosecutor to ask a question regarding new areas on redirect examination and questions repetitious of

those propounded on direct examination of the victim.

■ The scope and extent of redirect examination is within the sound discretion of the trial court. *Dooley v. State,* (1981) Ind., 428 N.E.2d 1; *Woodford v. State,* (1980) Ind., 405 N.E.2d 522. Absent an abuse of discretion, we will not disturb the court's ruling. When a subject is opened on cross-examination, the opposing party may pursue it on redirect examination. *Dooley, supra; Woodford, supra.*

■ Appellant first objected to the prosecutor on redirect examination showing Kaufman a series of photographs displayed to him for purposes of identification while he was hospitalized. Defense counsel opened the area during cross-examination by asking the victim about photographs brought to him by police. Moreover, the photographs were not introduced into evidence. Appellant failed to demonstrate how he was prejudiced by this testimony.

Appellant contends questions regarding the amount of money taken in the robbery were previously asked during direct examination. However, the record reveals the question was asked to clarify how Kaufman was aware of the amount of money he possessed before the robbery.

■ Although the questions regarding State's Exhibits 1 through 8 and the amount of Kaufman's money were new matters, defense counsel had the opportunity to recross-examine the witness which he did. Appellant fails to demonstrate an abuse of the trial court's discretion. *Shipman v. State,* (1962) 243 Ind. 245, 183 N.E.2d 823.

■ Appellant contends the question, "What happened next?" called for a narrative response. The judge overruled the objection, however, as the testimony progressed the objection was reiterated and sustained. To permit testimony in narrative form rather than by question and answer is within the sound discretion of the trial court. *Muehlman v. Keilman,* (1971) 257 Ind. 100, 272 N.E.2d 591; *Temple v. State,* (1964) 245 Ind. 21, 195 N.E.2d 850.

Under the circumstances in the case at bar, we see no reversible error in this regard.

■ Appellant contends the trial court erred in overruling his objection to the leading form of the question, "Will you describe what you observed with regard to Mr. Kaufman being able to assist in being removed from the field if at all?" Allowing a leading question is primarily within the discretion of the trial court. On appeal an abuse of discretion must be demonstrated. To constitute reversible error, the appellant must also show a substantial injury by the answer to the leading question. *Shipman, supra.* We see no abuse of discretion in the case at bar in this regard. The question was not susceptible to a yes or no answer and allowed the witness to state in his own words what he observed.

Appellant claims the trial court erred by allowing Warner to draw a diagram of the crime scene and identify the location of a game preserve consisting of several hundred acres. Appellant contends the testimony and diagram were irrelevant and not probable of any issue of the case.

■ The trial court has wide discretion in ruling on the relevancy of evidence. Evidence is relevant if it has a logical tendency to prove a material fact. *White v. State,* (1981) Ind., 425 N.E.2d 95. The diagram and testimony revealed the area was remote. Appellant and his accomplice had offered to take Kaufman to an "after hours club" supposedly located on the top of the hill where the car was parked. No such establishment existed. The diagram and testimony tended to cast light on appellant's intent and motive in taking Kaufman to a secluded area. The trial court did not err.

■ Appellant claims the trial court erred in denying his request to strike the comment of a witness, "he [the victim] was just a cold, bloody mess." Appellant argued the comment was unresponsive and prejudicial. The prosecutor asked the witness to relate his observations of Kaufman's condition. It is patently obvious that the

comment was responsive to the question. In light of the other evidence in the case, it was entirely proper for the witness to make the observations concerning Mr. Kaufman's condition. The trial court did not err in this regard.

Appellant claims the trial court erred in overruling his objections to a portion of the testimony of four witnesses regarding the victim's injuries after three witnesses had similarly testified. Appellant argues the testimony was cumulative.

 The admission or exclusion of cumulative evidence is within the discretion of the trial court. *Chambers, supra.* The evidence of bodily injury was relevant to both battery and robbery as a Class A felony (resulting in serious bodily injury).

Appellant argues there is insufficient evidence to support his conviction of robbery. Under our standard of review, we will not weigh the evidence nor judge the credibility of witnesses. *Harris v. State,* (1981) Ind., 425 N.E.2d 154. Appellant argues the State failed to prove when or who took the victim's wallet. To the contrary, Kaufman testified at trial that he felt his wallet and motel keys being removed from his pocket immediately after the beating. He stated he did not know if appellant or his accomplice removed the wallet. An accomplice may be held criminally liable for the acts of his confederate which were a probable and natural consequence of their common plan. *Harris, supra.* Although mere presence is not sufficient to show participation in an offense, presence may be considered with all other evidence in determining guilt. *Harris, supra.* While the State must prove each element of the offense charged, circumstantial evidence and the logical inferences drawn therefrom may establish the elements of the offense. *Harris, supra.*

The facts establish sufficient evidence from which appellant's intent and participation in the robbery could be inferred by the trier of fact. Appellant offered to drive Kaufman to a nonexistent after hours club in a secluded rural area.

He participated in a particularly brutal beating of Kaufman. Kaufman's wallet was removed at that time by either appellant or his accomplice. The jury was warranted in inferring appellant's participation in the robbery.

The trial court is in all things affirmed.

All Justices concur.