Arthur James **AUSLEY**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 1182S438.

Supreme Court of Indiana.

Aug. 30, 1983.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Stephan E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Arthur James Ausley was found guilty by the Marion Superior Court, Criminal Division Room Six, of Robbery, a class A felony. He subsequently was sentenced to fifteen years imprisonment. Appellant now directly appeals to challenge the sufficiency of the evidence by which he was convicted.

The facts adduced at trial show that at approximately 2:30 a.m. on January 17, 1982, cab driver Arthur Jordan was dispatched to 1954 LaSalle in Indianapolis. Two men there entered Jordan's cab, one sitting on the front seat and the other in the back. As Jordan was driving the men to their destination, the man in front stuck a knife against Jordan's side while the man in back held a knife to Jordan's neck and ordered him to turn over his money. The man in front subsequently threatened to kill Jordan. During an ensuing scuffle, Jordan suffered knife wounds on his hands and back and was hit over his head with a flashlight. Jordan was treated at a hospital for his wounds. The men took approximately $200.00 from him. At trial, Charlotte Ewing testified that Appellant and another man were at her home at 1954 North LaSalle during the early morning hours of January 17, 1982. She further testified that she called a cab for them at about 2:00 a.m. In his voluntary statement admitted at trial without objection, Appellant confessed to being present in Jordan's cab during the robbery. Appellant also admitted that he put Jordan's money into his pocket, drove the cab away after the robbery and split the loot equally with the other robber. It was stipulated at trial that Appellant's fingerprint was recovered from the driver's door of Jordan's cab.

It is well settled that when we consider a claim of insufficient evidence, we will neither reweigh the evidence nor judge the credibility of the witnesses. Rather we will consider only the evidence most favorable to the verdict with all reasonable inferences drawn therefrom. We will not disturb a verdict if we find substantial evidence of probative value to support it.

*Harden v. State,* (1982) Ind., 441 N.E.2d 215, *cert. denied,* (1983) —— U.S. ——, 103 S.Ct. 794, 74 L.Ed.2d 998. Accordingly, we find the evidence in the instant case more than sufficient to support the trial court's judgment that Appellant acted in concert with another to perpetrate this crime. Since an accomplice is criminally responsible for everything done by his confederate which is a probable and natural consequence of their common plan, *Harris v. State,* (1981) Ind., 425 N.E.2d 154, we also find the evidence sufficient to support the trial court finding Appellant guilty of class A felony robbery. Appellant's present argument clearly is meritless.

Finding no reversible error, we affirm the trial court in all things.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.