**Lionel SMITH, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 685S250.

Supreme Court of Indiana.

April 14, 1987.

Daniel L. Bella, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Dealing in Heroin, a Class B felony. He was sentenced to fifteen (15) years imprisonment.

The facts are: On March 23, 1984, Gary Police Officer Mark Keller and his partner, Detective Jury, accompanied by a confidential informant, went to 3954 Adams Street in Gary. There the confidential informant and Keller went to the door and spoke with Wayne Bane, who presumably resided at that location. Bane then accompanied the other three to 3777 Jackson Street in Gary in an undercover narcotics vehicle driven by Detective Jury. When they arrived at that address, Keller and Bane proceeded to the front door where they had a conversation with appellant. Keller asked appellant if he had any "boy", a street term for heroin. Appellant indicated that he was out of heroin, but that he would be willing to take Keller and Bane to a location where he could purchase some.

Appellant then accompanied Keller, Jury, Bane and the confidential informant to a location in Hammond, where appellant inquired of Keller how much "boy" he wanted to purchase. Keller replied $40 worth. Keller then gave appellant $40. Appellant left the vehicle and a short time later returned with two tinfoil packets, which he handed to Bane. Keller immediately took the packets from Bane and kept them for laboratory identification. The laboratory technician later testified that the packets contained heroin.

Appellant's sole assignment of error is that there is a fatal variance in the evidence as compared to the charging information. The charge alleged that the delivery was made from appellant to Keller, whereas the evidence showed that appellant handed the packets to Bane. We see no merit in this allegation. In the first place, Bane and appellant were charged together in the information. Keller was the one who had the conversation with appellant about obtaining the heroin. It was Keller who told appellant he wanted $40 worth of heroin and it was Keller who gave appellant the $40. The fact that appellant handed the packets to Bane, from whom Keller obtained them, is of no moment. Bane, according to the information, was a participant in the transaction.

It is clear from the evidence that appellant knew he was dealing with Keller. He received the money from Keller and returned to the vehicle with the packets with full knowledge that they were to be delivered to Keller. The fact that the packets passed through Bane's hands on the way to Keller does not constitute a variance in the allegation. This is especially true since Bane also was charged in the information; therefore, he was an accessory to the crime. Both Bane and appellant were each fully responsible for the actions of the other in the transaction. *Harris v. State* (1981), Ind., 425 N.E.2d 154.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.