Willie Lee MURPHY, Appellant,

v.

STATE of Indiana, Appellee.

No. 18S00–8604–CR–338.

Supreme Court of Indiana.

Feb. 8, 1988.

Michael H. Duckett, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of Robbery, a Class A felony, Robbery, a Class B felony, and Murder. The trial court found that Robbery, a Class A felony, merged with the Murder conviction; therefore, appellant was sentenced for thirty (30) years on the Murder conviction and ten (10) years on the conviction of Robbery, a Class B felony, sentences to run concurrently.

The facts are: At approximately 10:00 p.m. on March 19, 1985, Chris Holding and Robert Cook were walking near the intersection of Sixth and Elm Streets in Muncie, Indiana, when they were attacked by four young men throwing rocks and pieces of concrete at them. One of the young men displayed a switchblade knife. Holding was struck in the mouth, knocking out some of his teeth, fracturing his nose, and making a hole through his lower lip. Cook was struck in the head and killed.

As Holding lay on the ground, two of the men removed his wallet. Holding saw Cook lying on the ground in a pool of blood and the other two men running away from Cook. Witnesses who observed the final stages of the attack saw only three robbers. Holding described the two who robbed him to the police and testified that he felt that appellant was one of the two.

After his arrest, appellant gave a statement to the police in which he acknowledged that even though he knew James Smith and Delmon Evans planned to rob Holding and Cook, he and Anthony Watkins went along with them. He claims that when Smith and Evans began throwing rocks he and Watkins ran away. Appellant testified that when Cook went down, Evans took his wallet. At the same time, Smith hit Holding with a piece of cement block and Holding fell. Evans pulled out a knife. Appellant said it was then that he and Watkins ran. Appellant stated that after the attack, he and the other three robbers met but that he only saw one wallet at that meeting.

The State called Evans, Smith and Watkins as witnesses; however, each refused to testify. A previous trial of appellant had ended in a deadlocked jury. The State introduced the testimony of Evans and Smith from the previous trial. They each implicated appellant in the crimes.

Appellant claims the trial court erred in refusing to give his Tendered Instruction No. 10 as to involuntary manslaughter. Appellant concedes there are no lesser included homicides of felony murder, citing *Rodriguez v. State* (1979), 270 Ind. 613, 388 N.E.2d 493; however, he claims the decision in *Rodriguez* was based on the involuntary manslaughter statute in effect in 1976. In 1977, Ind.Code § 35-42-1-4 was amended to provide that a person who kills while committing a Class C or Class D felony which inherently imposes a risk of serious bodily injury commits involuntary manslaughter, a Class C felony. It is appellant's contention that there was insufficient evidence to convict him of felony murder, thus the involuntary manslaughter instruction should have been given.

Although the evidence is that Smith and Evans threw the rocks that injured Holding and killed Cook, there is ample evidence in this record to support the finding of the jury that appellant participated in the robbery. Therefore appellant was not entitled to an instruction on the lesser offense of involuntary manslaughter. *Fisher v. State* (1984), Ind., 468 N.E.2d 1365.

Appellant claims the trial court erred in admitting his prior statement in evidence in that it was not voluntarily given. Appel-

lant points to the fact that he was only eighteen-years-old at the time and that he had not had a previous arrest. At one point in the preliminary questioning, appellant stated: "Well, let me ask you, what do you think. For me to tell it, or for me to have a lawyer?" At which point, the officers properly advised appellant that he could wait for counsel. The officers gave appellant time to consider which he would do. It was appellant's decision to proceed with his statement. There is nothing in this record to indicate any coercion of appellant or anything other than a voluntary waiver of his rights after being fully informed. The trial court did not err in admitting the statement into evidence. *Chambers v. State* (1979), 271 Ind. 357, 392 N.E.2d 1156.

■ Appellant claims the trial court erred in admitting the prior trial testimony of Evans and Smith. When Evans and Smith were called as State's witnesses in the instant trial, they refused to testify. When their testimony from the prior trial was offered into evidence, appellant objected on the grounds the testimony constituted hearsay and was not admissible under *Watkins v. State* (1983), Ind., 446 N.E.2d 949. In *Watkins,* this Court held when a witness was available in court to deny having made the prior statement the statement is inadmissible as substantive evidence. However, we do not have that situation in the case at bar. When Smith and Evans refused to testify when called by the State, it was clearly demonstrated in open court that they were not available to the State as witnesses.

Appellant takes the position that since the trial court did not impose sanctions upon them for refusing to testify, there was not sufficient proof that they were not available. He cites no authority for this position nor do we see any merit in such a position. Each had been previously convicted of the crimes in question, thus the imposition of a contempt citation against either Smith or Evans would have been an empty gesture. Appellant had been afforded the full opportunity and in fact did cross-examine both witnesses at the prior

trial. The trial court did not err in admitting their prior testimony into evidence. *Id.*

Appellant claims the trial court erred in giving its Final Instruction No. 17 concerning proof of facts necessary to support a conviction. In the instruction, the court stated in part:

"It is not the law that the State is bound to prove every piece of evidence in the case beyond a reasonable doubt. The final ultimate and essential facts which the State must prove beyond a reasonable doubt are those stated in the indictment which constitute the crime with which the defendant is charged or which constitute one of the crimes included in the crime of robbery."

Appellant objected on the ground that the instruction is an incorrect statement of the law. He claims that Indiana law does not distinguish between evidentiary facts and ultimate essential facts. Appellant is in error in this regard. In addition to the instruction complained of, the court also gave several other instructions informing the jury that the State must prove every element of the crime beyond a reasonable doubt. When examining the instructions as a whole, we see no reversible error. *Sims v. State* (1984), Ind., 466 N.E.2d 24.

Appellant claims the trial court erred in giving its Final Instruction No. 21 and refusing to give appellant's Tendered Instruction No. 6 concerning accessory liability. The court's Final Instruction No. 21 correctly instructed the jury concerning accessory liability. In its instruction, the court in part stated:

"While mere presence at the scene of the crime is not sufficient to impose criminal liability upon a person, a jury may infer participation from a defendant's failure to oppose the crime, companionship with another engaged in a crime, and a course of conduct before and after the offense."

Appellant takes the position that this is an incorrect statement. Appellant concedes that the statement in the court's instruction stems from *Harris v. State* (1981), Ind., 425 N.E.2d 154. He claims in *Harris* the instruction included the state-

ment "which tends to show complicity," *Id.* at 156, thus he tries to distinguish the instruction in *Harris* and the instruction in the case at bar. We see no material distinction here. We fail to see how the jury could have been misled by the court's Final Instruction No. 21.

 As to the failure to give appellant's Tendered Instruction No. 6, it is merely a differently worded statement on the same principle of law as contained in the court's Final Instruction No. 21. It is not error to refuse to give an instruction adequately covered by other instructions. *Adams v. State* (1982), Ind., 431 N.E.2d 820.

Appellant claims the verdict of guilty of murder was not supported by sufficient evidence. Appellant relies upon his statement that he left the scene when Smith and Evans started throwing the pieces of cement block at the victims. There is ample evidence in this case that appellant did not leave the scene until after the victims had been struck down and their wallets taken.

Appellant also relies in part on the evidence by some of the witnesses that they only saw three robbers at the scene. However, the testimony of Holding was that two persons took his wallet while two others took Cook's wallet. There was thus ample evidence before the jury that contrary to his protestations appellant did in fact participate in the robbery. The fact that Smith and Evans threw the missiles which killed Cook and injured Holding does not relieve appellant from the results of such attack. When two or more people combine to commit a crime, each is criminally responsible for the acts of his confederate. *Collier v. State* (1984), Ind., 470 N.E.2d 1340. There is ample evidence in this record to support the jury verdict of guilty of murder.

Appellant also claims there is insufficient evidence to support the finding that he robbed Holding. For the reasons above stated, the evidence is sufficient to support the crime of the robbery of Holding.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., dissents without separate opinion.