Darryl SWOAKS, Appellant,

v.

STATE of Indiana, Appellee.

No. 71S00–8701–CR–107.

Supreme Court of Indiana.

Feb. 18, 1988.

Charles W. Lahey, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant being found guilty of Burglary, a Class B felony, for which he received a sentence of twelve (12) years.

The facts are: At approximately 4:00 p.m. on March 22, 1986, Joann Moore left her home in South Bend, Indiana. At the time she left, the doors and windows were secure and the glass was intact. Her daughter left at approximately 5:30 p.m. and the same condition prevailed. At about 7:00 p.m., David DeMeester, who lived next door to the Moore residence, saw two men leaving the front porch of the Moore home. He called police. As he talked to the police dispatcher, he was watching the two men through a window and described them to the dispatcher. He later identified appellant as one of those men. He continued to watch them as they walked to another residence nearby, then returned to the Moore property and entered the front door.

When the men exited the Moore property, DeMeester noticed there was blood on appellant's shirt. Police arrived on the scene and arrested appellant as he emerged from the porch of the Moore house. At the time he was arrested, appellant's hands were bleeding and he had blood on his clothing. He explained his presence on the porch to the police officer by saying that he was there to "ask the guy who lives there if he could rake his leaves." When asked about the blood on his hands and clothing, he said he had been in a fight and had hurt his mouth; however, there was no injury to appellant's mouth and he had a number of small cuts and abrasions on his hands and forearms. Two of the officers had seen appellant an hour earlier in the same area, and at that time they had noticed no blood and no injuries.

In inspecting the Moore home, the police found a broken windowpane in the front door. About five feet away, there was a rock lying on the floor of the porch, two windows were also broken out, and there was blood on the glass and also on the curtains just inside the windows. A white shirt with bloodstains on it was lying on the floor.

Lori Borkowski, a licensed practical nurse, testified that she was called upon while working at the St. Joseph County Jail to treat appellant. She testified that he had numerous very small, superficial cuts on his hands and forearms. Over the objection of appellant, she was allowed to testify that those cuts and abrasions were consistent with other cuts she had treated which were known to be cuts caused by broken glass.

Appellant claims the trial court erred in allowing Borkowski to testify concerning the probable cause of appellant's injuries. He challenged that she did not qualify as an expert. She testified that she was a licensed practical nurse with schooling and had several years of emergency room experience in treating various types of injuries including cuts inflicted by glass. The determination of whether a witness is qualified to testify as an expert is within the sound discretion of the trial court whose ruling will not be disturbed absent an abuse of that discretion. *Copeland v. State* (1982), Ind., 430 N.E.2d 393.

Given the experience of the witness, we see no abuse of discretion in the judge allowing her to testify as to her observa-

tions within the limits of her experience. We would further point out that the witness did not testify as to the cause of the injuries. She merely testified that the cuts and abrasions on appellant were consistent with glass-cut wounds she had previously observed. She did not purport to positively identify the cause of the injuries.

■ Even assuming for the sake of argument that Borkowski's testimony should not have been allowed, we still are unable to perceive any harm to appellant by reason of her testimony. The evidence otherwise submitted to the jury was overwhelming that appellant had in fact received his injuries in the breaking of the glass in the Moore home. This evidence was sufficient to sustain his conviction. The testimony of Borkowski added nothing to such evidence. *See Owensby v. State* (1984), Ind., 467 N.E. 2d 702. There was no reversible error in allowing Borkowski to testify.

■ Appellant claims the trial court erred in giving State's Instruction No. 5, which reads as follows:

"A person who knowingly or intentionally aids or induces or causes another person to commit a crime, commits that crime himself. It is also the law that a person is responsible for the acts of his confederates as well as his own. Any act of one confederate is attributable to all who are acting in concert."

The above instruction is a reasonably accurate statement of the law. *See* Ind.Code § 35–41–2–4; *Harris v. State* (1981), Ind., 425 N.E.2d 154.

Appellant argues that it was error to give an instruction as to an accomplice when he had been charged as a principal. The evidence in this case is that appellant and an accomplice were involved in the attempted burglary. In view of the fact jurors not totally familiar with the law might have been persuaded that if appellant were only an accomplice he could not be convicted as a principal, it was entirely proper for the trial court to give the instruction that an accomplice could be

charged as a principal. The trial court did not err in giving the instruction.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.