**Matthew STIDHAM, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 18S00–9110–CR–846.

Supreme Court of Indiana.

Feb. 3, 1993.

Kelly N. Bryan, Orlosky, Bryan and Bryan, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Murder; Robbery, a Class A felony; Criminal Confinement, a Class B felony; Battery, a Class C felony; and Auto Theft, a Class D felony. He was sentenced to the maximum terms, respectively, of sixty (60) years, fifty (50) years, twenty (20) years, eight (8) years, and three (3) years, to be served consecutively for a total executed sentence of one hundred forty-one (141) years.

The facts are: On the night of February 23, 1991, appellant and several of his friends, including the decedent in this case, drove to the decedent's apartment where they drank whiskey and played guitars. Eventually a confrontation developed between the decedent and appellant. The fight escalated until others joined appellant in the beating of the decedent. After beating and kicking the decedent, including the use of a wooden club, appellant and his associates loaded much of the decedent's electronic equipment in his van, gagged the decedent, placed him in the back of the van and drove off. They eventually arrived at a secluded area near the Mississinewa River where the decedent was removed from the van and stabbed some forty-seven times before his body was thrown into the river.

After visiting with friends whom they told of the killing, appellant and his associates drove into the State of Illinois where they were arrested. During the course of the arrest, pursuant to preliminary inquiries by the arresting officers, appellant stated, "We killed him," and when the police officer asked who, appellant replied, "Some queer."

After contacting police officers in Indiana, the Illinois officers proceeded to Mirandize and question appellant. At the time, appellant was seventeen years of age. Under Illinois law, the police were not required to have a parent or guardian present when they obtained appellant's statement. However, the introduction in evidence of a statement made by a person under eighteen years of age is forbidden by statute, Ind.Code § 31–6–7–3, unless counsel representing the child, or the child's custodial parent, guardian, or guardian *ad litem* is present and the child's representative and the child waive his right to remain silent. Both at trial and on this appeal, the

State appears to be confused concerning the deciding factors in this situation.

The State argues that since the statement of appellant was lawfully obtained in Illinois it could be introduced in evidence in Indiana. The issue here is not the issue of the lawfulness of the Illinois confession. There is no question that it in fact was taken lawfully. The question is the admissibility of that statement obtained in Illinois in a prosecution taking place in Indiana.

We are fully aware of the cases cited by the State wherein other jurisdictions have held that in situations such as this, the statement would be admissible in the prosecuting state. *See State v. Toone* (1992), Tex.App., 823 S.W.2d 744; *Tarawneh v. State* (1990), Fla.App., 562 So.2d 770; *People v. Accardo* (1990) 195 Ill.App.3d 180, 141 Ill.Dec. 821, 551 N.E.2d 1349; *State v. Mollica* (1989), 114 N.J. 329, 554 A.2d 1315; *Pooley v. State* (1985), Alaska App., 705 P.2d 1293; *People v. Blair* (1979), 25 Cal.3d 640, 159 Cal.Rptr. 818, 602 P.2d 738. However, to the extent that those cases would permit introduction of a statement under circumstances similar to those in this case, we reject their authority.

The Indiana statute, Ind.Code § 31–6–7–3, is quite specific concerning the necessity of counsel, a parent, guardian or custodian being present at the time a child makes a confession. Ind.Code § 31–6–1–9 defines a child for the purposes of this statute as being a person under eighteen years of age. At the time of his confession in Illinois, appellant was seventeen years of age; he thus comes under the protection of the statute.

■ Neither the statute nor any case decided thereunder makes any exception for children under the age of eighteen. The State argues that since appellant was an emancipated minor he should not come under the protection of the statute. However, the legislature has made no such provision in the statute and we are not inclined to manufacture such an exception. The trial judge erred in permitting appellant's Illinois confession to come in evidence in an Indiana trial.

■ The trial court was correct in admitting appellant's voluntary statement made at the time of his arrest wherein he stated they had killed someone and that person was "Some queer." This Court has held that voluntary statements made by a person at the time of his arrest do not come under the prohibitions of the statute. *Washington v. State* (1983), Ind., 456 N.E.2d 382. Nor is there any violation of the statute if a juvenile spontaneously volunteers a statement to police officers who are guarding him following his arrest. *Flowers v. State* (1985), Ind., 481 N.E.2d 100.

This case is remanded to the trial court for a new trial.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.