Matthew STIDHAM, Appellant,

v.

STATE of Indiana, Appellee.

No. 18S00–9310–CR–1146.

Supreme Court of Indiana.

·July 14, 1994.

---

Kelly N. Bryan, Orlosky, Bryan and Bryan, Muncie, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka and Cynthia L. Ploughe, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder, Robbery, a Class A felony, Criminal Confinement, a Class B felony, Battery, a Class C felony, and Auto Theft, a Class D felony.

In February of 1993, this Court reversed appellant's original conviction and remanded the case to the trial court for a new trial. *Stidham v. State* (1993), Ind., 608 N.E.2d 699. This is an appeal from that retrial.

The facts are: On the night of February 23, 1991, appellant and several of his friends, including the decedent in this case, drove to the decedent's apartment where they drank whiskey and played guitars. They eventually started "trading punches." This evidentially started as horseplay but grew into an angry encounter between appellant and the decedent.

As the fight escalated, the others joined with appellant in beating the decedent. Not only did they beat and kick the decedent, but they also struck him with a wooden club. They then loaded much of the decedent's electronic equipment into his van, gagged him, placed him in the back of the van and drove off. They eventually arrived at a secluded area near the Mississinewa River where the decedent was removed from the van and again beaten and stabbed some forty-seven times before his body was thrown into the river. After visiting with friends, who they told of the killing, appellant and his associates drove into the State of Illinois where they were arrested.

Appellant claims the trial court erred in denying a change of judge. Both at the first and second trials, appellant filed motions for change of judge. In those motions, appellant stated that shortly after the decedent's body had been put in the Mississinewa River, he and his associates drove to the home of David Dailey, the son of the trial judge, where they stole some property from Dailey. In denying those motions, Judge Dailey stated that his son was emancipated, that he had been living independently, and the last communication he had from his son was in October of 1990. As stated above, the crime was committed February 23, 1991. The judge further stated that he had no communication with his son since that time and that he had no interest in any of the property possessed by his son.

Ruling on a change of judge motion is discretionary with the trial court. This Court will not reverse that decision unless there is a clear abuse of discretion. *Harrington v. State* (1992), Ind., 584 N.E.2d 558. In the case at bar, there is no undisputed claim of prejudice nor has the trial judge expressed an opinion on the merits of the case. Under these circumstances, we cannot say that there is an abuse of discretion in denying appellant's motion for change of judge. *See, Coates v. State* (1989), Ind., 534 N.E.2d 1087.

Appellant claims the trial court erred by admitting in evidence State's Exhibit No. 16, which was a transcript of testimony of Eric Mills. Mills was an accomplice of the defendant in the perpetration of the crimes and had testified during the first trial. However, during the second trial, Mills refused to testify whereupon the State tendered the transcript of Mills' testimony at the first trial.

Admission or exclusion of former testimony of an unavailable witness is within the discretion of the trial court. *Metheney v. State* (1992), Ind., 583 N.E.2d 1202. Prior recorded testimony is available if the trial court finds: 1) that the testimony was given under oath at a prior judicial proceeding; 2) that the party against whom the testimony is offered had the opportunity to cross-examine the witness at the prior proceeding; and 3) that the witness is unavailable at the time of the later proceeding. *Lock v. State* (1991), Ind., 567 N.E.2d 1155.

The fact that Mills refused to testify at the second trial made him an unavailable witness. *See, Murphy v. State* (1988), Ind., 518 N.E.2d 1079. There was no error in permitting the State to introduce Mills' prior testimony.

Appellant contends the trial court erred in permitting Officer Steve Schlegel to testify regarding blood splatters found at the scene of the crime. Appellant takes the position that because Schlegel did not conduct chemical analysis of the splatters to determine that they in fact were human blood renders his testimony speculative.

It is true that the investigators did not have the various stains found at the scene of the crime chemically analyzed to establish that they in fact were human blood. The fact that they had not submitted the bloodstains to chemical analysis goes only to the weight of the evidence not to its admissibility. The qualifications of an expert to testify are within the sound discretion of the trial court. *Hicks v. State* (1989), Ind., 544 N.E.2d 500. The test of an expert to qualify is whether the witness shows a sufficient knowledge with the subject. *Id.; see also, Fox v. State* (1987), Ind., 506 N.E.2d 1090. The evidence shows that Officer Schlegel had considerable experience in examining blood spatters and smears. The trial court did not err in permitting Officer Schlegel to testify.

Appellant claims the trial court erred in refusing his Tendered Final Instruction concerning voluntary manslaughter. Appellant takes the position that because the confrontation started with a temper flare-up following friendly trading of punches, he should be entitled to the voluntary manslaughter instruction because death had occurred in a sudden heat and was not premeditated. However, the evidence in this case in no way supports a voluntary manslaughter instruction.

When the fight first erupted, it could be said it was of a sudden heat in nature. However, the beating of the victim continued over a period of time, he was removed from the house, placed in his van, beaten some more in the van as they drove to a secluded area, was removed from the van, beaten some more, and then stabbed numerous times. This evidence totally excludes the possibility of voluntary manslaughter. The trial judge did not err in refusing to give such an instruction. *See Metheney, supra; Vincent v. State* (1986), Ind., 489 N.E.2d 49.

Appellant contends his sentences violate the prohibition against double jeopardy. He claims his convictions and sentences for robbery and battery should merge with his conviction and sentence under the murder count. He cites *Smith v. State* (1990), Ind. App., 549 N.E.2d 1101 and *Winfrey v. State* (1989), Ind., 547 N.E.2d 272.

However, in the case at bar, the facts do not justify the merging of the robbery and battery charges with the murder charge. It is true that at the first battering of the victim the robbery was accomplished. Had matters ended there, the battery would have merged with the robbery charge. Also had the victim been mortally wounded at that time, both charges would have merged with the murder charge.

However, the evidence shows that following the first battery and the robbery, the decedent was then loaded into the van, was again battered while in the van, was driven to the Mississinewa River where he was battered for the third time, then while he was still alive, forty some stab wounds were inflicted causing his death. Both the jury and the trial judge were justified in finding that there in fact were separate crimes of robbery, battery, and murder. *See, Edwards v. State* (1985), Ind., 479 N.E.2d 541 and

*Wright v. State* (1992), Ind.App., 590 N.E.2d 650.

Appellant also contends his conviction for confinement with bodily injury should have merged with the robbery charge inasmuch as under the circumstances it was necessary to confine the victim in order to perpetrate the robbery, citing *Wethington v. State* (1990), Ind., 560 N.E.2d 496. He claims that because both robbery and confinement were charged as resulting in bodily injury, he was twice punished for inflicting the bodily injury.

However, as pointed out above, although the decedent had been battered during the robbery, the battering was continued after the robbery had been completed. Thus there was both a robbery with personal injury and a subsequent confinement with personal injury. For the reasons stated above and the authorities cited therein, we find the trial court did not commit error in finding appellant guilty of both robbery and confinement.

Appellant claims that his sentence is unreasonable. He takes the position that a one hundred forty-one (141) year sentence is disproportionate to the crime committed, citing *Fointro v. State* (1986), Ind., 487 N.E.2d 140 and *Beatty v. State* (1991), Ind., 567 N.E.2d 1134.

Appellant points out that he was resentenced after the second trial nearly two years after his first trial and that during that period of time he was incarcerated in the Indiana State Prison. Appellant contends that, in sharp contrast to his behavior prior to his original sentencing, his behavior in prison had been exemplary, that he had obtained a GED, and that he actively participated in a substance abuse program as certified by a letter to Judge Dailey from Linda Poe the substance abuse supervisor at the institution.

Appellant further states that the record discloses he was an abused child, a fact which should be taken into consideration as a mitigating factor. Although the trial judge considered these factors in rendering his sentence, he was not required to make an affirmative finding expressly negating each potential mitigating factor. *Stout v. State* (1988), Ind., 528 N.E.2d 476; *Hammons v. State* (1986), Ind., 493 N.E.2d 1250.

Given the extreme brutality of the crimes committed in this case, the trial judge was well within his discretion in refusing to mitigate the sentences either on appellant's subsequent conduct in the prison or the abuse he had received as a child. As pointed out by the trial judge, two of appellant's brothers had received the same treatment but had become upstanding citizens in their community.

The sentence is defective in one regard. As the State points out, the crime of auto theft should have been merged with the robbery charge. *See Wethington, supra.* This case is remanded to the trial court for the purpose of vacating the auto theft conviction. In all other respects the trial court is affirmed.

SHEPARD, C.J., and DICKSON, J., concur.

SULLIVAN, J., concurs and dissents with separate opinion in which DeBRULER, J., concurs.

SULLIVAN, Justice, concurring and dissenting.

I concur in affirming the convictions in this case in all respects but dissent as to the reasonableness of the 141–year sentence. Given the age of the appellant at the time of the crime (17 years) and the extent of other mitigation, particularly the physical, sexual, and emotional abuse he suffered at the hands of his mother only a few years prior to committing the crimes, I would hold that the sentences should be served concurrently, not consecutively, resulting in a total sentence of 60 years.

DeBRULER, J., concurs.