## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 14 2017, 9:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

David W. Stone IV
STONE Law Office & Legal
Research
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana, <br> *Appellant-Respondent*, <br><br> v. <br><br> Matthew Stidham, <br> *Appellee-Petitioner*. | June 14, 2017 <br><br> Court of Appeals Case No. 18A02-1701-PC-68 <br><br> Appeal from the Delaware Circuit Court <br><br> The Honorable Kimberly S. Dowling, Judge <br><br> Trial Court Cause No. 18C02-1602-PC-3 |

**Brown, Judge.**

[1] The State of Indiana appeals the post-conviction court's grant of a petition for post-conviction relief filed by Matthew Stidham. We find one issue dispositive, which is whether the post-conviction court entered an appropriate order with respect to Stidham's sentence. We remand.

## Facts and Procedural History

[2] The relevant facts as discussed in Stidham's direct appeal follow:

> On the night of February 23, 1991, [Stidham] and several of his friends, including the decedent in this case, drove to the decedent's apartment where they drank whiskey and played guitars. They eventually started "trading punches." This evidentially started as horseplay but grew into an angry encounter between [Stidham] and the decedent.
>
> As the fight escalated, the others joined with [Stidham] in beating the decedent. Not only did they beat and kick the decedent, but they also struck him with a wooden club. They then loaded much of the decedent's electronic equipment into his van, gagged him, placed him in the back of the van and drove off. They eventually arrived at a secluded area near the Mississinewa River where the decedent was removed from the van and again beaten and stabbed some forty-seven times before his body was thrown into the river. After visiting with friends, who they told of the killing, [Stidham] and his associates drove into the State of Illinois where they were arrested.

*Stidham v. State*, 637 N.E.2d 140, 142 (Ind. 1994).

[3] A jury trial resulted in the conviction of Stidham for murder, robbery as a class A felony, criminal confinement as a class B felony, battery as a class C felony, and auto theft as a class D felony. *Id.* In February 1993, the Indiana Supreme

Court reversed Stidham's original conviction and remanded the case to the trial court for a new trial. *Id.* (citing *Stidham v. State*, 608 N.E.2d 699 (Ind. 1993)).

[4] After retrial, Stidham appealed. *Id.* In that appeal, Stidham argued in part that his 141-year sentence was unreasonable and disproportionate to the crime committed. *Id.* at 144. He argued that "in sharp contrast to his behavior prior to his original sentencing, his behavior in prison had been exemplary, that he had obtained a GED, and that he actively participated in a substance abuse program as certified by a letter to Judge Dailey from Linda Poe the substance abuse supervisor at the institution." *Id.* He also argued that the record disclosed that he was an abused child. *Id.* The Court concluded: "Given the extreme brutality of the crimes committed in this case, the trial judge was well within his discretion in refusing to mitigate the sentences either on [Stidham's] subsequent conduct in the prison or the abuse he had received as a child." *Id.* The Court observed: "As pointed out by the trial judge, two of [Stidham's] brothers had received the same treatment but had become upstanding citizens in their community." *Id.* The Court concluded that the sentence was defective in one regard, remanded to the trial court for the purpose of vacating the auto theft conviction as it should have been merged with the robbery conviction, and affirmed the trial court in all other respects. *Id.*[1]

---

[1] Justice Sullivan, with Justice DeBruler concurring, dissented with respect to the sentence and stated:

> I concur in affirming the convictions in this case in all respects but dissent as to the reasonableness of the 141-year sentence. Given the age of the appellant at the time of the crime (17 years) and the extent of other mitigation, particularly the physical, sexual, and

On February 8, 2016, Stidham filed a verified petition for post-conviction relief contending that his sentence violated the Eighth Amendment of the United States Constitution and Article 1, Section 16 of the Indiana Constitution. On February 12, 2016, the State filed an answer to Stidham's petition. On October 27, 2016, the court held a hearing. On November 29, 2016, Stidham filed proposed findings of fact and conclusions of law, which concluded with the proposed judgment that his sentence be ordered reduced to time served and he be released.

On January 3, 2017, the post-conviction court entered an order granting Stidham's petition and stating in part:

> The Court has reviewed the evidence and the proposed findings and conclusions of both counsel, and now finds as follows:
>
> * * * * *
>
> 2.  [Stidham] was seventeen (17) years old at the time of the offense.
>
> * * * * *

---

emotional abuse he suffered at the hands of his mother only a few years prior to committing the crimes, I would hold that the sentences should be served concurrently, not consecutively, resulting in a total sentence of 60 years.

637 N.E.2d at 144.

4. On June 24, 1993, the Court (Judge Richard Dailey) sentenced [Stidham] to an aggregate sentence of one hundred forty-one (141) years.

* * * * *

7. On February 6, 2016, [Stidham] filed his Petition for Post-Conviction Relief.

8. The Petition raises a single issue for consideration by this Court: Whether [Stidham's] sentence violates the 8th Amendment of the US Constitution and Article 1 Sec 16 of the Indiana Constitution prohibiting cruel and unusual punishment.

9. Based upon the sentence imposed by this Court, if [Stidham] is still alive, he will be eighty two (82) years of age when his sentence is complete.

10. Since [Stidham] was sentenced much research has been done on the brains of juveniles and their ability to change.

11. Neither the trial court nor the Supreme Court had access to this information and research since it did not exist at that time.

12. Furthermore, [Stidham's] actions and progress in prison is a testament to this research.

13. There is no question that the crimes committed were heinous.

14. The question for the Court, however, is whether the sentence imposed was excessive in light of the research done and cases decided in the meantime.

CONCLUSIONS OF LAW

15. The United States Supreme Court in *Miller v. Alabama*, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) held that the imposition of mandatory life sentences without parole on juveniles is forbidden.

16. *Miller* requires the sentencing judge to "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison" [132] S. Ct. at 2469.

17. While Stidham was not sentenced to life without parole, it is the functional equivalent.

18. Other courts in other jurisdictions have held similarly in cases involving juveniles. *Hayden v. Keller*, 134 F.Supp.3d 1000 (E.D.N.C. 2015) cites several cases where de facto life sentences for juveniles were held to be cruel and unusual punishment in violation of the 8th Amendment of the Constitution.

19. The Indiana Supreme Court relied on *Miller* in two separate 2014 cases.

20. In *Brown v. State* 10 N.E.3d 1 (Ind. 2014) and *Fuller v. State*, the Court held that imposition of juveniles of two consecutive 75 year sentences for two (2) murders was improper.

21. The Court in those cases discussed the U.S. Supreme Court's observations that first, a juvenile lacks maturity and has an underdeveloped sense of responsibility; second that they are more vulnerable or susceptible to negative influences and outside pressures, including peer pressure, and they have limited control over their own environment and lack the ability to extricate themselves from horrific, crime-producing settings; and third a child's character is not as well formed as an adult's and his actions are less likely to be evidence of irretrievable depravity.

22. The Court in *Fuller* found that the maximum consecutive sentence means denial of hope; it means that good behavior and character improvement are immaterial; it means that whatever the future might hold in store for the mind and spirit of the juvenile convict, he will remain in prison for the rest of his days.

23. As a result, this Court finds that [Stidham's] sentence was excessive in light of his age at the time of the offense and his Petition should be GRANTED.

Appellant's Appendix Volume 2 at 51-52 (underlining omitted).

## *Discussion*

[7] Ind. Post-Conviction Rule 1(6) is titled "Judgment" and provides:

The court shall make specific findings of fact, and conclusions of law on all issues presented, whether or not a hearing is held. If the court finds in favor of the petitioner, *it shall enter an appropriate order with respect to the conviction or sentence* in the former proceedings, and any supplementary orders as to arraignment, retrial, custody, bail, discharge, correction of sentence, or other

matters that may be necessary and proper.  This order is a final judgment.

(Emphasis added).

[8] While Stidham's proposed findings of fact and conclusions of law included a proposed judgment that his sentence be ordered reduced to time served and he be released, his petition merely argued that his sentence was unconstitutional and it did not request release or a specific sentence.  Given that the post-conviction court's order merely found that Stidham's sentence was excessive and granted his petition without entering a specific sentence or Stidham's release, we cannot say that it entered "an appropriate order with respect to the conviction or sentence" or complied with Section 6 of Ind. Post-Conviction Rule 1.  Accordingly, we remand.

### Conclusion

[9] For the foregoing reasons, we remand for further proceedings consistent with this opinion.

[10] Remanded.

May, J., concurs in result without opinion.

Pyle, J., concurs.