Jerome LONG, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 45S00–8709–CR–824.

Supreme Court of Indiana.

Oct. 19, 1988.

Scott King, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Jerome Long was convicted by a jury of felony murder and was sentenced to a term of sixty (60) years. Long directly appeals claiming the trial court erred in not granting his motion for mistrial made when a photograph of him was identified as having been taken in 1980 and in subsequently admitting the photograph into evidence.

The evidence most favorable to the verdict below shows that on the evening of October 20, 1986, Appellant Long and George Williams broke into the Hammond, Indiana, home of James Sybestyen to steal his television set. They broke a second floor window, entered the house, and went downstairs. Mr. Sybestyen, who was 73 years old and could walk only with the aid of crutches, was sitting in a chair watching the television. Williams began to take the

television and Mr. Sybestyen began to yell. Long told Sybestyen if he would be quiet, he would not get hurt. When Sybestyen was not quiet, Long went over to the chair in which the victim was sitting, grabbed and held him, and again told him to be quiet. Williams then grabbed the victim by the neck and began choking him. Williams ran to the kitchen, returned with a knife, and stabbed Sybestyen several times. Williams also hit the victim several times with his fists. Sybestyen struggled and then slid out of his chair onto the floor. Long and Williams then took the television and left. On October 22, 1986, the victim died as a result of the assault. Long was subsequently arrested and charged with the murder of the victim. Long gave a statement confessing his participation in the murder.

▇ Long asserts the trial court erred in not granting his motion for mistrial made when a photograph of him was identified as having been taken in 1980. Here, the defense cross-examined Lt. Terry Sparks of the Hammond Police Department's Bureau of Records and Identification about a photograph of Long which Lt. Sparks had retrieved from the Bureau's files. Lt. Sparks stated the photograph was taken in 1980. The trial court called counsel to the bench for a discussion on the effects of this testimony. Long moved for a mistrial on the basis that the date of the photograph might allow the jury to infer that Long had prior convictions. The trial court denied the request for mistrial but admonished the jury that the photograph was taken in 1980 for a minor misdemeanor charge of which Long was acquitted. The trial court instructed the jury that the photograph had nothing to do with Long's guilt or innocence of the charges. When the jury is admonished by the trial judge to disregard what has occurred at trial, the court's refusal to grant a mistrial is not reversible error. *Coleman v. State* (1986), Ind., 490 N.E.2d 325, 328. The trial court did not err in denying Long's motion for mistrial.

▇ Long also asserts the trial court erred in admitting the photograph into evidence. When the State offered the photograph for admission into evidence the defense objected on the same basis as for the motion for mistrial. The objection was overruled and the photograph was admitted. Lt. Sparks testified that his records included fingerprints taken from people who are arrested. When a person is arrested and fingerprinted, he is assigned a number. This number is put on the fingerprint card along with the arrestee's date of birth and vital statistics. The number is also put on the arrestee's mug shot photograph. Sgt. Robert Piskoty compared Long's fingerprint card with latent prints recovered from inside the victim's house and identified several of the latent prints as belonging to Long. Thus, the fingerprint card was used to establish that Long had been present in the victim's house. Thus, the State used the photograph to establish that the person in the photograph was the same person whose fingerprints appeared on the fingerprint card.

Generally, mug shot photographs are inadmissible due to the potential prejudice to a defendant resulting from the implication of a prior criminal record. *Dziepak v. State* (1985), Ind., 483 N.E.2d 449, 451. A mug shot may be admissible where the State establishes the photograph is not unduly prejudicial and has substantial independent probative value, or if evidence of the defendant's prior criminal history is admitted. *Coleman*, 490 N.E.2d at 328; *Dziepak*, 483 N.E.2d at 451-52. As Long's mug shot photograph had independent probative value and slight if any prejudicial impact in view of all of the evidence of guilt, the trial court did not err in denying the motion for mistrial and in admitting the photograph into evidence.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN, J., concur.

DeBRULER and DICKSON, JJ., concur in result without opinions.