Donnie Ray BOWLING, Appellant,

v.

STATE of Indiana, Appellee.

No. 20S00-8805-CR-445.

Supreme Court of Indiana.

Oct. 11, 1990.

Susan K. Carpenter, Public Defender of Indiana, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of two counts of Child Molesting, one a Class B felony, and one a Class C felony. He received a sentence of thirteen (13) years on the Class B felony, and eight (8) years on the Class C felony, the sentences to run concurrently.

The facts are: The victim in this case was the 11–year–old daughter of appellant's girlfriend. The victim testified that while she was taking a shower appellant came into the bathroom and asked to shower with her; she refused, however, and exited the shower. While she was still in the bathroom attempting to dress, appellant entered the shower then exited while she had on only her underpants. He requested that she lower her pants. He fondled her vagina, placed his finger in her, then committed cunnilingus upon her.

During direct examination, Elkhart County Welfare Department caseworker, Mae Ella Sims, testified that in 1984 the victim had been removed from her mother's home and placed in protective custody and that later the victim was returned to her mother's home, under supervision, with the stipulation that appellant not have contact with the victim. There was no further explanation made of this situation on direct examination.

However, on cross-examination of Sims, it was brought out that in 1984 the victim had said that appellant had "messed with her." The details of these accusations were not brought out until appellant testified in his own behalf. At that time, although he denied they were true, he detailed the allegations which had been made in 1984.

■ Appellant claims the trial court erred in admitting evidence of prior unrelated sexual conduct by appellant. Appellant concedes there is an exception to the general rule that past conduct is not admissible in a criminal prosecution when the prosecution is for an act which is described as following a depraved sexual instinct, citing two of the many cases so holding, *Grey v. State* (1980), 273 Ind. 439, 404 N.E.2d 1348 and *Miller v. State* (1971), 256 Ind. 296, 268 N.E.2d 299.

Appellant claims that this rule was adopted in *State v. Markins, et al.* (1884), 95 Ind. 464, 48 Amer.Rep. 733, and thus is over one hundred years old, that "times have now changed," and that this rule should be abandoned. It is true this rule has existed for quite some time in Indiana. There is no hiatus between the *Markins* case and the large number of cases decided in recent years. The rule has remained unchanged throughout the entire time.

However, we find it unnecessary to apply the rule in this case. The attacks here are so similar in nature and precipitated against persons so similarly situated as to bring the evidence within the rule of the uniform scheme or plan exception to the prohibition against evidence of other crimes. *Kindred v. State* (1970), 254 Ind. 127, 258 N.E.2d 411.

Appellant contends the trial court erred when it allowed appellant's niece to testify regarding similar prior sexual conduct by him toward her. Here, appellant reiterates his claim that this type of evidence should not be allowed. However, he goes on to argue that even within the rule there is not enough similarity between the acts appellant is supposed to have perpetrated upon his niece and the acts he perpetrated upon the victim in this case. However, the differences he raises are insignificant indeed.

In both instances, girls of tender years to whom appellant had access by reason of his presence in their home were sexually molested by appellant. The differences in where they were when he approached them, what he said to them, and his method of fondling differed only slightly. We cannot perceive that such slight differences caused the fondling of the niece to be as claimed by appellant "not sufficiently similar to the charged offenses to be admissible under the depraved sexual instinct exception." The facts of this case fit square-

ly within the uniform scheme and plan exception. *Id.* We find no reversible error.

Appellant contends he was charged, convicted, and sentenced for both deviate sexual conduct and the touching, fondling, and caressing of the minor child. He claims this conduct did not represent two separate occasions but took place simultaneously on one occasion. He cites *Ellis v. State* (1988), Ind., 528 N.E.2d 60 wherein this Court held that a trial court erred in sentencing an appellant for both child molesting, a Class C felony, and child molesting, a Class D felony, inasmuch as the two acts of molestation occurred in "the identical incident to support both charges." *Id.* at 61. We held that the imposition of two sentences for the same injurious consequences sustained by the same victim during a single confrontation violated both Federal and State double jeopardy prohibitions, citing *Hansford v. State* (1986), Ind., 490 N.E.2d 1083.

We find appellant's contentions in this regard to be correct and therefore remand this case with instructions to the trial court to set aside the Class C felony conviction. In all other respects the trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER and DICKSON, JJ., concur in result without separate opinion.