**Richard D. HENSLEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 49A02–9006–CR–320.**

Court of Appeals of Indiana,
Second District.

Aug. 8, 1991.

Rehearing Denied Oct. 1, 1991.

---

Susan K. Carpenter, Public Defender, Linda G. Nicholson, Deputy Public Defender, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Richard D. Hensley (Hensley) appeals his convictions of rape, a class B felony, and confinement, a class D felony.

We affirm.

Hensley presents the following issues, which we restate:

1. Whether the court erred in determining that Hensley was competent to stand trial;

2. Whether Indiana's procedures for determining competency to stand trial are adequate to comport with procedural due process requirements;

3. Whether the court erred in failing to clarify certain jury instructions concerning the possible verdicts of guilty but mentally ill and not responsible by reason of insanity; and

4. Whether the court erred in admitting a partially redacted mug shot of Hensley into evidence.

I.

Hensley argues that the court abused its discretion in determining that he was competent to stand trial. In Indiana, the deter-

mination is governed by I.C. 35–36–3–1 (Burns Code Ed.Supp.1990). Under that statute, the court must hold a competency hearing if the court has "reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of his defense". The court must appoint two or three psychiatrists, or other doctors as provided in the statute, to examine the defendant and testify at the hearing. Under the statute, the court must make the final determination regarding the defendant's competency.

Our supreme court has held that the test for determining the competency of a defendant is

"[w]hether the defendant has sufficient present ability to consult with defense counsel with a reasonable degree of rational understanding, and whether the defendant has a rational as well as a factual understanding of the proceedings against him." *Adams v. State* (1987) Ind., 509 N.E.2d 812, 814.

The trial court's determination of a defendant's competency to stand trial is reviewed only for an abuse of discretion. *Id.*

In the present case, the court appointed two psychiatrists to examine Hensley. They filed their findings with the trial court and also testified at the competency hearing. Both doctors stated that they believed Hensley was suffering from schizophrenia and reported that Hensley had previously been admitted to Central State Hospital. Nevertheless, after examination of Hensley, both doctors concluded that Hensley was aware of the charges against him and had sufficient mental capacity to understand the courtroom proceedings and assist his attorney. Although Hensley's testimony and actions at the competency hearing were not generally meaningful, Hensley knew the name of the victim in this case, and denied raping anyone. The court had before it the opinions of both doctors that Hensley was competent to stand trial, and the court's own evaluation of Hensley's demeanor at the hearing. We cannot say the court abused its discretion in determining that Hensley was competent to stand trial.

## II.

Hensley next argues that the method for determining a defendant's competency under Indiana law is inadequate to meet the requirements of procedural due process as contemplated by the Fifth and Fourteenth Amendments to the United States Constitution. Specifically, Hensley challenges the discretionary function of the trial court in determining a defendant's competency. Hensley contends that the State should be charged with the burden of proving, by clear and convincing evidence, that the defendant is competent to stand trial.

It is a violation of due process to force an accused to stand trial if he is not able to assist in his defense or understand the nature of the proceedings against him. *Pate v. Robinson* (1966) 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; *Wallace v. State* (1985) Ind., 486 N.E.2d 445, *cert. denied*, 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 723 (1986). Our Supreme Court in *Wallace* held that the failure to allocate the burden of proving competency to stand trial under our current statutory scheme to stand trial does not offend due process. Hensley argues that the court in *Wallace* held only that the statute was not unconstitutional because it did not allocate the burden of proving incompetency to the defendant. He contends that the court did not address the failure to place the burden on the State and therefore the issue is still ripe for our determination. We disagree with Hensley's narrow interpretation of the *Wallace* decision.

The clear implication of *Wallace* is that the court may have considered the competency statute to be unconstitutional if it had required the defendant to prove his own incompetence. Because our statute does not allocate the burden to the defendant, it does not violate due process. The fact that the statute does not allocate the burden of proving competency to the state is of no moment. In reaching its decision the *Wallace* court relied upon the reasoning of the Missouri Court of Appeals:

"In a situation with a similar statute, the Missouri Court of Appeals in *State v. Clark* (1976) Mo.App., 546 S.W.2d 455, *trans. denied,* declared that the only burden which exists rests on the trial judge to satisfy himself that the accused is or is not competent to stand trial. With regard to our competency statute, we maintain the same reasoning." *Wallace,* 486 N.E.2d at 454.

Our Supreme Court's decision in *Wallace* is not inconsistent with the opinion of the Seventh Circuit in *United States ex rel. Bilyew v. Franzen* (1982) 7th Cir., 686 F.2d 1238, a case which Hensley urges us to follow. Although the *Bilyew* case declares that, under the Fourteenth Amendment, the state must shoulder the burden of proving a defendant competent to stand trial, a reading of the case reveals that the court's interpretation was based upon the principle that it would be unfair to require the defendant to prove his own incompetency. The *Bilyew* court relied upon the following reasoning of the Illinois Supreme Court:

> " 'Let us assume that defendant is in fact unable to co-operate with counsel and present his case in a rational manner. It would be a strange rule, indeed, to impose upon him the burden of proving his own incompetence, for the very disability which he would be seeking to prove renders him incapable, either logically or legally, of sustaining the burden of proof.' " *Bilyew,* 686 F.2d at 1245, *quoting, People v. Bender* (1960) 20 Ill.2d 45, 53–54, 169 N.E.2d 328.

Our Supreme Court's decision in *Wallace, supra,* highlights this very principle.

Our competency statute provides for a hearing and the appointment of at least two disinterested doctors to evaluate the defendant. Under the Indiana statute, a defendant's right not to be tried and convicted while incompetent to stand trial is as "jealously guarded" as the right was under the Illinois statute found acceptable by the United States Supreme Court in *Pate v. Robinson, supra,* 383 U.S. at 385, 86 S.Ct. at 842. *See Ray v. Duckworth* (1989) 7th Cir., 881 F.2d 512, 515. The Indiana statute governing competency does not violate a defendant's right to due process.

## III.

Hensley argues that the court erred in not more fully instructing the jury with respect to the possible verdicts of guilty but mentally ill and not responsible by reason of insanity. During deliberations, the foreman of the jury requested clarification of Instructions 42, 43, and 44. Instruction 42 set out the four verdict options; Instructions 43 and 44 set out the elements of rape and confinement respectively. Hensley contends that the jury's request indicates that the jury did not understand the possible verdict options, and that the court's instructions regarding the guilty but mentally ill and the not responsible by reason of insanity choices were inadequate. Specifically, Hensley contends that the jury should have been informed (1) that a finding of guilty but mentally ill means nothing more than a plain finding of guilty, and (2) that I.C. 11–10–4–2 (Burns Code Ed.1988) provides that the Department of Corrections shall provide care and treatment for every committed offender who is determined to be mentally ill.

We first note that the record reflects that defense counsel did not tender any proposed instructions and did not object to the instructions given. A party may not complain that instructions were incomplete when he has failed to tender any instructions on that issue. *Jones v. State* (1989) Ind., 536 N.E.2d 267, 272.

Moreover, even if the instruction which Hensley contends should have been given regarding the guilty but mentally ill verdict had been tendered, it is not a correct statement of the law and would no doubt have been properly refused. Refusal of a tendered instruction is not error if the instruction is not a correct statement of law. *See Underwood v. State* (1989) Ind., 535 N.E.2d 507, 521, *cert. denied,* —— U.S. ——, 110 S.Ct. 257, 107 L.Ed.2d 206. A finding of guilty but mentally ill is not the same as a finding of guilty. Under I.C. 35–36–2–3 (Burns Code Ed.1985), our legislature has provided that when an insanity defense has been interposed, the jury must

determine whether the defendant is guilty, innocent, not responsible by reason of insanity at the time of the crime, or guilty but mentally ill at the time of the crime. The intent of this statute is to clarify for the jury that insanity at the time of the crime is a defense to the crime and mental illness is not. Moreover, a finding of guilty but mentally ill by the jury indicates that the jury considered the defendant's insanity defense and found that, although the defendant may have been mentally ill at the time of the crime, the defendant was still responsible for his actions.

 Hensley cites *Truman v. State* (1985) Ind., 481 N.E.2d 1089 and *Harris v. State* (1986) Ind., 499 N.E.2d 723, *cert. denied*, 482 U.S. 909, 107 S.Ct. 2490, 96 L.Ed.2d 382 (1987), in support of his contention that a finding of guilty but mentally ill is nothing more than a finding of guilty. However, both of those cases focused upon I.C. 35-36-2-5 (Burns Code Ed. 1985). That statute addresses sentencing of a defendant found guilty but mentally ill. In addition, both cases involved a defendant who had pleaded guilty but mentally ill. A defendant who pleads guilty must understand the consequences of his plea in order for the plea to be voluntary. However, in determining the verdict to impose upon a defendant who pleads not guilty, the jury is not entitled to know of the consequences of the verdict. *Strong v. State* (1989) Ind., 538 N.E.2d 924, 928. Therefore, the *Truman* and *Harris* cases do not support the instructions which Hensley contends should have been given.

We have examined the instructions which were given in this case and determine that the jury was fully and fairly instructed regarding the insanity defense and the possible verdicts. There is no error in this regard.

## IV.

Hensley argues that the court erred in admitting a "mug shot" of him at trial over defense counsel's objection to the form of the exhibit. A small white card was stapled over the portion of the picture showing the plate and identifying information.

The State acknowledges that "mug shots" are generally inadmissible because the jury may infer a criminal history from them. *Ratcliffe v. State* (1990) Ind., 553 N.E.2d 1208. Nevertheless, a "mug shot" photograph may be admissible if the the photograph is not unduly prejudicial and has substantial independent probative value. *Long v. State* (1988) Ind., 529 N.E.2d 339, 340. It is also not error to admit the photograph if evidence of a defendant's prior criminal history is admitted. *Id.*

In the present case, Hensley concedes that the photograph has independent probative value. Shortly after the victim in this case was attacked, a clerk from a drugstore located nearby told police that the description of the attacker matched that of a vagrant named "Richard." The clerk then identified Hensley from a photographic array. The victim subsequently identified the same photograph from an array. The photograph admitted into evidence was the one identified by the clerk and by the victim.

Furthermore, the photograph was not unduly prejudicial. Hensley admitted at trial that he had been convicted of conversion upon two prior occasions. Therefore, the admission of the photograph does not constitute reversible error.

The judgment is affirmed.[1]

BUCHANAN and ROBERTSON, JJ., concur.

---

1. No issue is presented as to whether the rape and the confinement were committed within moments of each other as part of one incident so as to bar convictions upon both charges. *See*

*Watkins v. State* (1991) Ind., 575 N.E.2d 624; *Bowling v. State* (1990) Ind., 560 N.E.2d 658; *Mahone v. State* (1989) Ind., 541 N.E.2d 278. *But see Wethington v. State* (1990) Ind., 560

N.E.2d 496, which observes that it may be permissible to convict a defendant "given a single criminal transaction [of] ... both confinement and a distinct crime which entails some sort of confinement as necessary to effectuate that crime, such as ... rape." 560 N.E.2d at 508.