Roger **WRIGHT**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 49A04–9110–CR–319.

Court of Appeals of Indiana,
Fourth District.

April 22, 1992.

---

**7.** The instruction does not specify that it applies only to the offense of operating a vehicle with a BAC of .10% or greater.

Susan W. Brooks, McClure, McClure & Kammen, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant–Appellant Roger Wright (Wright) appeals the Marion Superior Court, Criminal Division IV's judgment finding him guilty of Child Molesting, a Class B felony,[1] Child Molesting, a Class C felony,[2] and Vicarious Sexual Gratification, a Class C felony,[3] after a bench trial.

We affirm and remand.

The issues presented by this appeal are:

1. whether the trial court erred by convicting Wright of multiple sex offenses where the victims were the same persons and the offenses all occurred on the same day,

2. whether the trial court erred by permitting one of the victim's third grade teachers to testify as to the victim's ability to observe and relate what he had observed, and

3. whether the trial court erred by making Wright's sentence run consecutively to his sentence in another case.

On a day sometime before Christmas in 1987, Wright and his brother made R.M., a seven year old boy, lay on top of his younger sister with his pants down. (R. 58). On that same day, Wright and his brother forced R.M. to place his mouth on both their penises. (R. 59). On that same day, the brother rubbed his penis on R.M.'s buttocks. Finally, and also on that same day, Wright and his brother put their mouths on R.M.'s penis. (R. 61). Wright appeals.

Wright first charges his constitutional rights under the double jeopardy clause have been violated. Wright puts it this way:

Here, all the events took place in a "single confrontation." All the acts took place the same day ... The same factual basis underlies all three counts.

Brief of Appellant at 7. In support of his argument, Wright cites *Bowling v. State* (1990), Ind., 560 N.E.2d 658; *Stwalley v. State* (1989), Ind., 534 N.E.2d 229, *reh. denied;* and *Kizer v. State* (1986), Ind., 488 N.E.2d 704. In *Bowling*, while the young victim was attempting to dress, the attacker "fondled her vagina, placed his finger in her, then committed cunnilingus upon her." The *Bowling* court concluded the two sentences, i.e., Child Molesting, a Class B felony and Child Molesting, a Class C felony, resulted from "a single confrontation[.]" *Id.*, at 659. In *Stwalley*, the attacker, a burglar who raped a young victim, was convicted of both rape and child molesting arising out of a single penetration. The *Stwalley* court held the double conviction violated the burglar's double jeopardy rights, and ordered the child molesting charge vacated. *Id.* at 231. In *Kizer*, the attacker forced the victim, a teenager, into a narrow passageway from the sidewalk, threatened her with a knife, and attempted to rape her but ran off when police officers approached. The *Kizer* court held the attempted rape and attempted child molesting convictions arose from the same offense, and violated the attacker's double jeopardy rights. *Id.* at 708. Thus, it is clear, convictions on two or more counts of criminal conduct arising from "a single confrontation" per *Bowling*, the "same short span of time" per *Stwalley* and *Kizer*, and the defendant's "singular act" per *Hansford v. State* (1986), Ind., 490 N.E.2d 1083, 1089, violate a sexual attacker's double jeopardy rights.

■ Here Wright argues in effect, even though the attacker satisfies himself sexually several times over a continuous span of time, whether a few seconds or a few days, his double jeopardy rights are violated if he is convicted of more than one of the several offenses he commits during

---

1.  IND.CODE 35–42–4–3(a).

2.  IC 35–42–4–3(b).

3.  IC 35–42–4–5(a).

that time period, whatever its length. We disagree.

■ As Justice DeBruler noted,

Defendants may not be twice sentenced for the same offense in a single proceeding. *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893. Where the same act or transaction constitutes a violation of two distinct statutory provisions, the essential inquiry is whether the offenses are the same for the purposes of double jeopardy. This inquiry focuses on the elements of the two crimes: "If each requires proof that the other does not, the *Blockburger* test would be satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Elmore*, 382 N.E.2d at 895. A proper double jeopardy analysis focuses on whether the offenses to be prosecuted and punished are the same and not whether the offenses spring from the same act or operative circumstances.

*Edwards v. State* (1985), Ind., 479 N.E.2d 541, 544–545. The span of time over which the attacker and his victim are together is irrelevant. The pertinent inquiry in such case consists of two questions, which are:

(a) how many criminal offenses did the attacker perpetrate on his victim during the time period involved, and

(b) did any two or more of these criminal offenses arise from the same act, or "confrontation"?

If each offense stands alone because it arises from a separate felonious act perpetrated by the attacker during the time he and his victim are together, the attacker's double jeopardy rights are not violated if he is convicted of those two or more offenses.

Here, each offense of which Wright was convicted arose from a separate "confrontation" during the course of the day in question. The Class B Child Molesting felony arose when Wright forced R.M. to place his lips on himself and his adult brother's privates. The Class C Child Molesting felony arose during a separate confrontation in which Wright and his brother performed fellatio upon R.M. The third felonious offense, that of Vicarious Sexual Gratification, was committed when Wright forced R.M. to lay on top of his sister during a third encounter. Clearly, Wright's double jeopardy rights were not violated by his convictions for the multiple criminal offenses he perpetrated that day on R.M. and his sister. Each conviction was the proximate result of different criminal encounters between Wright and his victims on the day in question. The trial court did not err in this regard.

■ Wright next complains the trial court erred in permitting one of R.M.'s teachers to testify concerning R.M.'s ability to relate events that had happened to him. The court did not err by admitting such testimony.

In child molesting cases, the courts have allowed testimony from parents, teachers and others having adequate experience with the child involved, that he or she was not prone to exaggerate or fantasize. Only their "vouching" testimony, i.e., testifying as to the witnesses' belief the child was telling the truth, is prohibited. Vouching testimony invades the province of the jury. *Stewart v. State* (1990), Ind., 555 N.E.2d 121, 125; *Lawrence v. State* (1984), Ind., 464 N.E.2d 923. R.M.'s teacher testified: "From our classroom experience, [R.M.] has been able to relate things in sequence, in the order that they happened, and that they have been based on fact." (R. 82). Such testimony does not vouch for R.M.'s testimony. There was no error in admitting it.

■ Finally, Wright posits the trial court erred by ordering the sentence in this case to be served consecutively to his sentence in another criminal case, wherein he was found guilty of Child Molesting, a Class C felony and sentenced to 5 years imprisonment with 3 years suspended. (R. 133).

IC 35–50–1–2(a) giving trial courts discretionary authority to sentence consecutively is limited to situations in which the trial court is contemporaneously imposing two sentences. *Bartruff v. State* (1990), Ind., 553 N.E.2d 485, 488. As was said in *Bartruff*:

Since [contemporaneous sentencing] is not the case here, only the mandatory provisions of sub-section [IC 35–50–1–2] (b) could apply, and this record does not supply a basis for the conclusion that it does apply. Consequently, the cause must be remanded to the trial court with instructions to specify the legal authority and justification for the consecutive sentence order or, in the alternative, drop it. *Bartruff,* 553 N.E.2d at 488. We likewise so order the trial court here.

Affirmed and remanded with instructions as to consecutive sentencing noted in the opinion.

MILLER and STATON, JJ., concur.