Paul J. KOCIELKO, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–1002–CR–218.

Court of Appeals of Indiana.

Feb. 22, 2011.

Kenneth R. Martin, Goshen, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION ON REHEARING**

BAILEY, Judge.

This matter comes before us on a petition for rehearing by the State. The State asks that we reconsider our decision with regard to the vacation of Kocielko's conviction for Sexual Misconduct with a Minor as a Class C felony. We grant rehearing and affirm the decision of the trial court except for the imposition of a double habitual offender enhancement.

In *Kocielko v. State,* 938 N.E.2d 243 (Ind.Ct.App.2010), we applied double jeopardy principles as set forth in *Richardson v. State,* 717 N.E.2d 32 (Ind.1999) to hold

that Kocielko could be retried on the two counts upon which the first jury had been unable to reach a verdict. *See Kocielko*, 938 N.E.2d at 250. We went on to address—as a separate issue with the heading "Multiple Sentences"—Kocielko's contention that he could not receive multiple sentences for these sexual misconduct convictions because of the rule announced in *Bowling v. State*, 560 N.E.2d 658 (Ind. 1990), specifically, "the imposition of two sentences for the same injurious consequences sustained by the same victim during a single confrontation violated both Federal and State double jeopardy prohibitions." *Id.* at 660. While *Bowling* has not been specifically overruled, the State nevertheless argues that these double jeopardy principles have been superseded by subsequent Supreme Court decisions. *See Richardson; see also Emery v. State*, 717 N.E.2d 111, 113 (Ind.1999).

■ Regardless of whether this principle is viable as a part of the framework for double jeopardy analysis [1], *Bowling* nonetheless espoused a sentencing rule that has not been explicitly rejected, i.e., a sentence must reflect the episodic nature of the crimes committed. 560 N.E.2d at 660. Indeed, this "single incident analysis" for sentencing purposes has been embraced in other contexts. *See Beno v. State*, 581 N.E.2d 922 (Ind.1991) (holding it improper to impose consecutive sentences for multiple drug dealing convictions based on nearly identical State-sponsored sales as part of an ongoing operation); Ind.Code § 35–50–1–2 (imposing a limitation upon the aggregate sentence to be imposed for an "episode of [nonviolent] criminal conduct"). *Cf. Serino v. State*, 798 N.E.2d 852, 857 (Ind.2003) (observing that "con-secutive sentences seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person."). Clearly, the *Bowling* Court gave consideration to the episodic nature of multiple violent crimes when committed against a single victim in a single confrontation. Therefore, unless instructed to the contrary, we should do the same.

■ Here, upon further reflection and review of the specific sentencing order entered by the trial court, we are convinced that the imposition of concurrent sentences, as opposed to consecutive sentences, fairly reflects the episodic nature of the crimes committed by Kocielko. We now grant rehearing and affirm the decision of the trial court in all respects, except the thirty-year habitual offender enhancement imposed upon the Class C felony conviction. We instruct the trial court to vacate this enhancement because Kocielko's Class B felony sentence was so enhanced. *See Davis v. State*, 843 N.E.2d 65, 67 (Ind.Ct.App.2006) (a habitual offender sentence enhancement may be placed on one underlying felony conviction but not both).

RILEY, J., and KIRSCH, J., concur.

---

1. In deciding whether to allow multiple convictions to stand, a panel of this Court has observed, in an opinion footnote, that our Indiana Supreme Court has "apparently re-jected" *Bowling's* "single incident analysis" for purposes of double jeopardy jurisprudence. *Ward v. State*, 736 N.E.2d 265, 269 n. 4 (Ind.Ct.App.2000).