**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 04 2012, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD S. EDWARDS**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| REX A. CLARK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A04-1109-CR-485 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1104-FD-1982

**April 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

Rex Clark appeals his sentence for Class A misdemeanor resisting law enforcement, Ind. Code § 35-44-3-3(a)(3) (2010), and Class D felony receiving stolen auto parts, Ind. Code § 35-43-4-2.5(c) (1991). We affirm.

## ISSUES

Clark raises two issues for our review:

I.      Whether the trial court abused its discretion in sentencing Clark.

II.     Whether Clark's sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

In April 2011, Clark was driving a truck he knew to be stolen when a police officer in a marked car ordered him to stop. Clark refused to stop, fled the officer, and was ultimately apprehended.

The State charged Clark with Class D felony resisting law enforcement, Ind. Code § 35-44-3-3(a)(3), (b)(1)(A), Class D felony receiving stolen auto parts, and Class A misdemeanor driving while suspended, Ind. Code § 9-24-19-2 (2000). Clark pleaded guilty to Class A misdemeanor resisting law enforcement and Class D felony receiving stolen auto parts, and in exchange the State agreed to dismiss the Class A misdemeanor driving while suspended count and to forego filing a habitual offender charge.

At sentencing, the trial court found no mitigators and identified the following aggravators: (1) Clark's lengthy criminal history; (2) that he was on probation at the time of the offenses; (3) that he had violated his probation numerous times; and (4) that his treatment outside of a penal facility had been ineffective. The trial court sentenced Clark

2

to 300 days in the Bartholomew County Jail for the Class A misdemeanor and a consecutive two and a half years in the Department of Correction for the Class D felony. Clark now appeals his sentence.

DISCUSSION AND DECISION

I. ABUSE OF DISCRETION

Clark contends that the trial court abused its discretion in sentencing him. Subject to the review and revise power discussed below, sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* One way a trial court abuses its discretion is by entering a sentencing statement that omits a mitigating circumstance that is clearly supported by the record and advanced for consideration. *Id.* at 490-91.

Clark argues that the trial court should have found his guilty plea as a mitigator. A defendant who pleads guilty deserves some mitigating weight to be afforded to the plea. *Anglemyer*, 875 N.E.2d at 220 (citing *McElroy v. State*, 865 N.E.2d 584, 591 (Ind. 2007)). However, a trial court does not necessarily abuse its discretion by failing to recognize a defendant's guilty plea as a significant mitigating circumstance. *See id.* at 220-21. A guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against

3

the defendant is such that the decision to plead guilty is more likely the result of pragmatism than acceptance of responsibility and remorse. *Id.* at 221.

In return for Clark's guilty plea, the State agreed to dismiss the Class A misdemeanor driving while suspended count and to forego filing a habitual offender charge. In addition, Clark pleaded guilty to resisting law enforcement as a Class A misdemeanor instead of the Class D felony originally charged. Because Clark received a substantial benefit from the plea, we conclude that the trial court did not abuse its discretion by failing to find his guilty plea as a mitigator. *See Edrington v. State*, 909 N.E.2d 1093, 1100-01 (Ind. Ct. App. 2009) (trial court was not obliged to find guilty plea as mitigator where, in exchange for plea of guilty to two Class A felonies, State dismissed a third Class A felony charge and agreed to recommend concurrent sentences), *trans. denied*.

## II. INAPPROPRIATE SENTENCE

Clark next contends that his sentence is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer*, 868 N.E.2d at 491). The defendant has the burden of persuading us that his

sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

We first look to the statutory ranges established for the classes of the offenses. Clark pleaded guilty to a Class A misdemeanor and a Class D felony. The statutory range for a Class D felony is between six months and three years, with the advisory sentence being one and a half years. Ind. Code § 35-50-2-7(a) (2005). For a Class A misdemeanor, a person may not be imprisoned for more than one year. Ind. Code § 35-50-3-2 (1977). The trial court sentenced Clark to 300 days for the Class A misdemeanor and a consecutive two and a half years for the Class D felony.

We next look to the nature of the offenses and Clark's character. As to the nature of the offenses, the factual basis provided at Clark's guilty plea hearing shows only that Clark drove a truck he knew to be stolen, and when a police officer in a marked car ordered him to stop, he refused to do so and instead fled the officer.

While the nature of the offenses is not particularly egregious compared to similar offenses, Clark's character alone justifies the sentence imposed by the trial court. Clark has an extensive juvenile record, which resulted in commitments to a juvenile correctional facility and the Department of Correction. Clark, who is twenty-nine years old, has an adult record that includes felony convictions for escape, theft, and possession of methamphetamine. His misdemeanor convictions include resisting law enforcement, false informing, criminal trespass, invasion of privacy, carrying a handgun without a license, driving while suspended, public intoxication, and conversion. Clark has previously been placed on probation but has had that probation revoked and terminated

5

unsuccessfully numerous times. He committed the instant offenses while on probation and while charges for theft, attempted theft, and criminal trespass were pending against him. Clark's character shows a blatant disregard for the law.

Clark nonetheless argues that consecutive sentences are inappropriate and cites *Kocielko v. State*, where a different panel of this Court noted that "a sentence must reflect the episodic nature of the crimes committed." 943 N.E.2d 1282, 1283 (Ind. Ct. App. 2011) (citing *Bowling v. State*, 560 N.E.2d 658, 660 (Ind. 1990)), *trans. denied*. The defendant in that case was given concurrent sentences for two counts of sexual misconduct with a minor where the crimes were committed against a single victim in a single confrontation. We concluded that concurrent sentences fairly reflected the episodic nature of the crimes. *Id.*

Here, Clark claims that consecutive sentences are inappropriate because his crimes of receiving stolen auto parts and resisting law enforcement were also of an episodic nature. The factual basis provided at the guilty plea hearing, however, does not indicate how long Clark had the stolen truck before the police officer attempted to pull him over. It is thus unclear whether the crimes were of an episodic nature. Further, unlike *Kocielko*, where there was a single victim, Clark's crimes were against separate victims. Receiving stolen auto parts was an offense against the owner of the truck while resisting law enforcement was an offense against public administration. *See Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008) ("Whether the counts involve one or multiple victims is highly relevant to the decision to impose consecutive sentences . . . ."); *see also Serino v. State*, 798 N.E.2d 852, 857 (Ind. 2003) ("[W]hen the perpetrator commits the same

6

offense against two victims, enhanced and consecutive sentences seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person."). *Kocielko* is therefore inapposite.

Clark has failed to persuade us that his sentence is inappropriate.

## CONCLUSION

For the reasons stated, we affirm Clark's sentence.

ROBB, C.J., and BARNES, J., concur.