

FILED

Jun 29 2018, 6:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tony Lemorris Clemons,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 29, 2018<br><br>Court of Appeals Case No.<br>79A02-1712-CR-2931<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Steven P. Meyer,<br>Judge<br><br>Trial Court Cause No.<br>79D02-1704-F5-52 |

**May, Judge.**

[1] Tony Lemorris Clemons appeals his sentence for Level 5 felony domestic battery[1] and Level 6 felony invasion of privacy.[2] Clemons asserts the trial court erred when it imposed consecutive sentences for the two convictions because those convictions "were closely related in time, place, and circumstances."[3] (Br. of Appellant at 5.) As we find no abuse of discretion, we affirm.

## Facts and Procedural History

[2] Clemons and S.C. were married. Pursuant to a no contact order entered in 2016, Clemons was not allowed to interact with S.C. On April 23, 2017, S.C. was at a bar in Lafayette, Indiana. Clemons went into the bar and sat next to S.C. Clemons took S.C.'s phone but S.C. would not give him the password. Clemons left the bar with the phone. S.C. followed him to the parking lot where she attempted to retrieve her phone. Clemons refused to give it to her. Clemons grabbed S.C. and threw her, headfirst, on the ground. When the police arrived, S.C. was bleeding from a head wound.

[3] The State charged Clemons with four counts of domestic battery and two counts of invasion of privacy. Pursuant to a plea agreement, Clemons pled guilty to one count of Level 5 felony domestic battery and one count of Level 6

---

[1] Ind. Code § 35-42-2-1.3 (2016).

[2] Ind. Code § 35-46-1-15.1 (2016).

[3] Clemons' brief includes no standard of review. Appellate Rule 46(A)(8)(b) provides the argument section of an appellant's brief must contain "a concise statement of the applicable standard of review."

felony invasion of privacy. In return, the State dismissed the other charges under this cause number and a pending petition to revoke probation in an unrelated case. The trial court found the aggravators outweighed the mitigators and imposed a five-year sentence for domestic battery and a two-year sentence for invasion of privacy. The trial court ordered the sentences served consecutively.

# Discussion and Decision

[4] Clemons argues the trial court erred by imposing consecutive sentences when the two convictions happened so closely in time as to warrant a single incident. Clemons argues this is one single incident because he could not commit battery on S.C. without first committing invasion of privacy. As such, he argues the sentences should have been imposed concurrently.

[5] Sentencing decisions rest within the sound discretion of the trial court and will be disturbed only on a showing of abuse of discretion. *Anderson v. State,* 989 N.E.2d 823, 826 (Ind. Ct. App. 2013), *trans. denied.* An abuse of discretion occurs when the decision is clearly against the logic and effect of the evidence before the court or the reasonable inferences to be drawn therefrom. *Id.*

[6] If not a violation of the prohibition of double jeopardy, and if not in violation of applicable statutory mandates, "[a] trial court may impose consecutive sentences for separate and distinct crimes that arise out of a single confrontation involving the same victim." *Vermillion v. State*, 978 N.E.2d 459, 466 (Ind. Ct.

App. 2012). It is undisputed that Clemons' crimes are not crimes of violence as defined in Indiana Code section 35-50-1-2(a). Therefore, his sentences are subject to the limits as prescribed under Indiana Code section 35-50-1-2(d)(2).

[7] An "episode of criminal conduct" is defined as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." Ind. Code § 35-50-1-2(b). If consecutive sentences are imposed for an episode of criminal conduct, the aggregate sentence is limited by the "most serious crime for which the defendant is sentenced[.]" Ind. Code § 35-50-1-2(d)(2). If that crime "is a Level 5 felony, the total consecutive terms of imprisonment may not exceed seven (7) years." *Id.* The trial court here ordered a seven-year sentence, which was within the statutory limits for a single episode of criminal conduct. Accordingly, Clemons cannot demonstrate error in his sentence based on that statute. *See Williams v. State*, 889 N.E.2d 1274, 1282-83 (Ind. Ct. App. 2008) (aggregate sentences equaling less than the statutory limit are not a violation of Indiana Code section 35-50-1-2), *trans. denied*.

[8] Clemons does not explicitly argue his right against double jeopardy has been implicated. Nevertheless, to support his assertion the trial court erred when it ordered him to serve the sentences for his two convictions consecutively, Clemons relies on a double jeopardy analysis regarding crimes arising from a single incident from *Kocielko v. State*, 938 N.E.2d 243 (Ind. Ct. App. 2010), on rehearing *Kocielko v. State*, 943 N.E.2d 1282 (Ind. Ct. App. 2011), *trans. denied*. In *Kocielko*, we held the trial court should have imposed concurrent sentences in order to reflect "the episodic nature of the crimes[.]" *Id.* at 1283.

[9]     However, in *Vermillion*, we noted *Kocielko* was not primarily concerned with consecutive sentencing but rather double jeopardy. *Vermillion*, 978 N.E.2d at 466. We then declined to interpret *Kocielko* to mean a trial court may not impose consecutive sentences for separate crimes arising out of a single confrontation with a single victim. *Id*. Indiana Code section 35-50-1-2 supports this holding in that it specifically allows a trial court to impose consecutive sentencing for "felony convictions arising out of an episode of criminal conduct" provided the aggregate sentence is capped based on the most serious crime for which the defendant is convicted.

[10]    Here, the trial court sentenced Clemons to five years for domestic battery and two years for invasion of privacy. Finding the aggravators outweighed the mitigators, the trial court also noted the two offenses were separate, stating, "the invasion of privacy actually occurred even prior to the battery although it occurred close in time, there were two separate offenses here." (Tr. at 68.) The aggregate sentence is not more than the statutory maximum of seven years set forth for a Level 5 felony in Indiana Code section 35-50-1-2(d)(2). Therefore, we cannot say the trial court abused its discretion in ordering the sentences to be served consecutive to one another. *See Vermillion*, 978 N.E.2d at 466 (if crimes "constitute a single episode of criminal conduct" and are not crimes of violence, the aggregate sentence may not exceed the maximum imprisonment as defined in Indiana Code section 35-50-1-2 but the trial court is allowed to impose consecutive sentences).

[11]     As Clemons has not demonstrated the trial court abused its discretion when it ordered Clemons to serve his sentences consecutively, we affirm.

[12]     Affirmed.

Riley, J., and Mathias, J., concur.