## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jerry Dean Thompson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff,*

September 16, 2020

Court of Appeals Case No.
20A-CR-33

Appeal from the Marion Superior Court

The Honorable Mark D. Stoner, Judge

Trial Court Cause No.
49G06-1902-F3-4788

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, Jerry Thompson was convicted of the following: kidnapping, a Level 3 felony; unlawful possession of a firearm by a serious violent felon, a Level 4 felony; battery resulting in bodily injury to a public safety official, a Level 5 felony; possession of cocaine, a Level 6 felony; resisting law enforcement, a Level 6 felony; invasion of privacy, a Level 6 felony; and invasion of privacy as a Class A misdemeanor, enhanced to a Level 6 felony for a prior conviction. The trial court ordered Thompson's sentences for kidnapping, battery on a public safety official, and resisting law enforcement to be served consecutively. The sentences on the remaining counts were to be served concurrently to his kidnapping sentence. Thompson was sentenced to an aggregate of nineteen and one-half years.

[2] Thompson appeals, presenting the sole issue of whether the trial court abused its discretion by ordering Thompson's sentences for battery resulting in bodily injury to a public safety official and resisting law enforcement to be served consecutively to each other. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

[3] Thompson and Ashley Lacey had an on and off relationship for six years. By February 2019, however, Lacey had obtained a no contact order against Thompson. On February 3, 2019, Officer Corey Shinn of the Indianapolis

Metropolitan Police Department responded to a 911 call regarding a domestic disturbance in a Walgreens parking lot on North Meridian Street. When he arrived, Lacey told Officer Shinn that Thompson had assaulted her and bit her neck. Thompson had left the scene by the time Officer Shinn arrived. Officer Shinn took a report and had an evidence technician photograph the injuries on Lacey's neck.

[4] The following day, while he was patrolling, Officer Shinn saw Thompson near 31st Street and Rader Street on Indianapolis' northwest side. Officer Shinn was approaching Thompson's car when Lacey suddenly exited Thompson's car and ran toward Officer Shinn. Lacey told Officer Shinn that Thompson had forced her to get into his car, at gunpoint, earlier that morning. Officer Shinn put his car in park and opened his door at the same time Thompson pulled his car alongside Officer Shinn's and opened his door as well. Initially, Thompson was calm but became agitated when a second officer, Timothy Elliot, arrived. Officer Shinn asked Thompson to exit his vehicle, planning to arrest him for violating the no contact order. However, instead of exiting his vehicle, Thompson grabbed the steering wheel and began to close the door. To stop him, Officer Shinn climbed into the car, getting on top of Thompson. Thompson began reaching around the car at which point Officer Shinn saw a handgun, so he called out to alert Officer Elliot.

[5] Thompson grabbed the gun but was unable to pull it up. Officer Shinn had Thompson's arm pinned and Thompson began headbutting Officer Shinn in the face. Officer Elliot tased Thompson and the officers were able to pull

Thompson out of the car. As Thompson struggled, he grabbed Officer Elliot's taser and attempted to use it on Officer Shinn. The officers managed to get the taser away from Thompson and handcuffed him after additional officers arrived. According to Lacey, Thompson had been using crack cocaine that day which made him "very hostile, very angry towards people." Transcript of Evidence, Volume III at 5.

[6] The State charged Thompson with twelve counts, including kidnapping, criminal confinement, unlawful possession of a firearm by a serious violent felon, two counts of battery resulting in bodily injury to a public safety official, possession of cocaine, two counts of resisting law enforcement, two counts of invasion of privacy, and two counts of battery. Before trial, the trial court dismissed one count of battery and one count of battery resulting in bodily injury to a public safety official on the State's motion. At trial, the jury found Thompson not guilty of criminal confinement and battery, but guilty of the remaining eight counts.

[7] At the sentencing hearing, the trial court found as mitigating circumstances Thompson's medical issues and disability, family history, mental issues, and participation in jail programs. Conversely, the trial court found Thompson's criminal history to be an aggravating circumstance, noting that Thompson had thirty-nine arrests, five misdemeanor convictions, and eighteen felony convictions prior to these charges. Thompson also had multiple probation violations and multiple disciplinary actions while incarcerated, including several assaults.

[8] The trial court sentenced Thompson to an aggregate of nineteen and one-half years with the battery to a public safety officer and resisting law enforcement sentences to be served consecutively to the kidnapping sentence and the remainder of sentences to be served concurrently. Thompson now appeals.

# Discussion and Decision

## I. Standard of Review

[9] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds on reh'g,* 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

## II. Consecutive Sentences

[10] Thompson challenges his sentence, contending that the trial court erred when it imposed consecutive terms of imprisonment for Thompson's convictions of battery resulting in bodily injury to a public safety official and resisting law enforcement. The trial court has discretion to sentence a defendant to consecutive or concurrent terms of imprisonment. *Smith v. State*, 889 N.E.2d 261, 262 (Ind. 2008); Ind. Code § 35-50-1-2(c). When making this determination, the trial court may consider aggravating and mitigating circumstances. Ind. Code § 35-50-1-2(c)(1)-(2). Only one valid aggravating

circumstance is necessary to impose a consecutive sentence. *Owens v. State,* 916 N.E.2d 913, 917 (Ind. Ct. App. 2009). The trial court must provide a rationale for the imposition of a consecutive sentence. *McBride v. State*, 992 N.E.2d 912, 919 (Ind. Ct. App. 2013).

[11]     Thompson argues that because the acts constituting battery and resisting law enforcement occurred during one single continuous incident, the trial court abused its discretion in not ordering these sentences to be served concurrently. Thompson contends that courts have "looked to the 'episodic nature of the crimes committed' to evaluate whether sentences should be run consecutively or concurrently." Brief of Appellant at 13 (quoting *Kocielko v. State*, 943 N.E.2d 1282, 1283 (Ind. Ct. App. 2011), *trans denied*). He further claims that this "single incident analysis," which has been embraced in other contexts, is applicable here. *Id.* (citing *Beno v. State*, 581 N.E.2d 922, 924 (Ind. 1991)). Thompson analogizes this case to *Beno,* stating that in both cases, "there were multiple, overlapping acts which occurred within a very short time [and] were so intertwined that to recount one crime, reference must be made to the other." *Id.* at 14.

[12]     In *Beno*, the defendant was convicted of two counts of dealing in cocaine and one count of maintaining a common nuisance after two controlled drug purchases four days apart. The trial court sentenced the defendant to the maximum sentence for each offense and ordered that the sentences be served consecutively. Our supreme court held that because "the crimes committed were nearly identical State-sponsored buys, consecutive sentences were

inappropriate." *Beno*, 581 N.E.2d at 924. *Beno* has primarily been applied to drug cases. *See Hendrickson v. State,* 690 N.E.2d 765, 767 (Ind. Ct. App. 1998) (stating the purpose of the holding in *Beno* is "prohibiting consecutive sentences when the police entice additional drug buys"). Further, *Beno* involved two virtually identical non-violent crimes and is distinguishable from this case. *See Beno*, 581 N.E.2d at 924 (stating that if the defendant "had sold drugs to different persons, or if he had provided a different type of drug during each buy, the consecutive sentences imposed might seem more appropriate"). Thompson's convictions arose out of a single episode of criminal conduct; however, they are separate offenses committed against two different officers.

[13]     Although *Beno* has traditionally been applied to drug cases, Thompson contends that it has been "embraced in other contexts." Br. of Appellant at 13. Specifically, Thompson points to *Kocielko.* The court in *Kocielko* applied a "single incident analysis" in a sexual misconduct case. However, the court in *Kocielko* "gave consideration to the episodic nature of multiple violent crimes when committed against a single victim in a single confrontation." 943 N.E.2d at 1283 (opinion on reh'g) (citing *Bowling v. State*, 560 N.E.2d 658 (Ind. 1990)). Because Thompson's offenses were committed against two different officers, this case is also distinguishable from *Kocielko.*

[14]     Consecutive sentences are appropriate in some circumstances in order to "vindicate the fact that there were separate harms and separate acts against more than one person." *Serino v. State,* 798 N.E.2d 852, 857 (Ind. 2003). Such is the case here, where Thompson was convicted of battery on Officer Shinn and

resisting law enforcement for his actions against Officer Elliott. To order a consecutive sentence, "the trial court must find at least one aggravating circumstance[.]" *Hoeppner v. State,* 918 N.E.2d 695, 699 (Ind. Ct. App. 2009). At Thompson's sentencing hearing, the trial court stated the "aggravating circumstances clearly are his criminal history," noting that Thompson has had a total of thirty-nine arrests, five misdemeanor convictions, and eighteen felony convictions as an adult. Tr., Vol. III at 164. One valid aggravator alone is enough to enhance a sentence or to impose it consecutive to another. *Gleason v. State*, 965 N.E.2d 702, 712 (Ind. Ct. App. 2012).

[15] Thompson does not challenge his criminal history as an aggravating circumstance. Thompson's criminal history is sufficient to justify the imposition of consecutive sentences pursuant to Indiana Code section 35-50-1-2(c).

# Conclusion

[16] The trial court did not abuse its discretion when ordering Thompson's convictions for battery resulting in bodily injury to a public safety official and resisting law enforcement be served consecutively. Accordingly, we affirm his sentence.

[17] Affirmed.

Crone, J., and Brown, J., concur.